RONALD EUGENE ELLIOTT *v.* STATE OF INDIANA.

[No. 971S248. Filed March 1, 1972.]

*George A. Purvis,* of Indianapolis, for appellant.

*Theodore L. Sendak,* Attorney General, *Robert F. Colker,* Assistant Attorney General, for appellee.

ARTERBURN, C. J.—Ronald Eugene Elliott was charged by affidavit with the crime of Robbery on March 9, 1971. Upon arraignment appellant entered a plea of not guilty and requested a trial by jury. On May 11, 1971, a jury returned

a verdict of guilty as charged to the crime of Robbery. A presentence investigation followed and on May 20th the court pronounced the following judgment on the verdict:

> "IT IS THEREFORE ORDERED, ADJUDGED AND DECREED by the Court that the Defendant Ronald Eugene Elliott be and hereby is sentenced to the Indiana State Reformatory for Ten (10) to Twenty-Five (25) years and Costs. Defendant ordered disfranchised for One (1) year. Defendant advised of his rights under Criminal Rule 11."

The evidence presented at trial, viewed in favor of the judgment, discloses that on the evening of December 14, 1970, one Rexall G. Perrine was working at the Imperial Service Station in Indianapolis, Indiana, when appellant and another man came into the station and ordered some cigarettes. Appellant then grabbed Perrine's arm while the other man with appellant pointed a shotgun on Perrine. Perrine identified the appellant in court as the man who grabbed him on the night in question. Appellant told Perrine to empty the money changer, and when Perrine was attempting to open the money drawer the appellant grabbed the keys and opened it himself. The other man put the shotgun to the nose of Perrine and banged his head against the wall while he demanded to know where the rest of the money was. Perrine informed appellant's accomplice that he had it all at which time appellant asked his accomplice for the shotgun saying he would kill Perrine. Appellant then went to reach for the gun but his colleague refused to surrender it. Appellant and his companion then took the money from the other station attendant, James Hunt, and from the wallets of Perrine and Hunt. They also removed cigarettes from the station.

The appellant and his companion put Perrine in a back room and herded various customers into the back room with him before they left the station.

James Gross, a friend of Rexall Perrine, testified that he was on the scene of the robbery at the Golden Imperial Service Station and he identified appellant as being at the scene

of the robbery and a participant therein. Gross stated that appellant attempted to jerk the shotgun from his companion's hands to "blow his head off" but his companion wouldn't let appellant have the gun. He saw appellant with the cigarettes, from the station, in his hands. He also testified that appellant asked how much money the kids had.

Ronald Sandlin, who was present at the scene of the robbery, identified appellant as one of those present. Sandlin corroborated the testimony of Gross and Perrine that appellant tried to take the gun and that he wanted to take the money of all the "kids" present.

Jose Rodriques, another person present at the time of the robbery, testified that he saw appellant at the scene of the robbery.

William T. Reeve, a witness for the state, observed two men running from the Imperial Station, one carrying a rifle or shotgun, around midnight on the night in question. He saw them get into a 1960 or 1963 light colored Studebaker and drive away. He reported this to the policeman investigating the robbery at the scene, Patrolman Robert Szalay, who placed the description of the automobile on the police radio.

Charles Gorgol, an Indianapolis Police Officer, pulled over a Studebaker fitting the description of the one Patrolman Szalay placed over police radio when he saw it commit a traffic violation. The car parked in front of the residence at 422 South Villa, and a man fitting the description of appallant's accomplice ran into the house at the address. Gorgol identified appellant as a passenger in the Studebaker. In the bushes adjacent to the residence at 422 South Villa and the automobile, Officer Gorgol found a shotgun which he marked for identification with his initials and the date. The shotgun was admitted in evidence over the objection of the appellant.

Police Officer Charles L. Faulkner testified that he participated with Officer Gorgol in the stopping of the Studebaker and that he observed a man get out of the car and run to

the porch of the residence at 422 South Villa. He noticed the man's left hand reach up to the mailbox on the house. Officer Szalay went to the mailbox and removed a shotgun shell from it and placed his mark upon it. The shell was admitted into evidence over objections by the appellant.

In the back of the Studebaker, clothing, and an empty gun case and cigarettes were found. Appellant makes no contention against the admissibility of these items on appeal.

Prior to taking the occupants of the car to jail, a search was made of their person. Officer Gorgol conducted the search and found a large bulge in the right front pocket of the driver similar to money. Later, when the driver of the car was searched again the pocket was empty.

After the suspects had been taken to jail and placed in a holding pen, the appellant was observed helping the driver of the Studebaker remove his boot. The suspects were then searched by Officer Faulkner and $29.10 was found in the sock of the driver. The sock and money were marked for identification and were admitted into evidence over objection.

In appellant's Summary of Argument portion of his Brief, he presents three contentions as to errors committed by the lower court. It is his argument that the court erred in the following respects:

1.  The Court erred in admitting, over objection of defendant, State's Exhibit 1, which was a shotgun.
2.  The Court erred in admitting over defendant's objection State's Exhibit 4, which was a shotgun shell.
3.  The Court erred in admitting over defendant's objections, State's Exhibit 3, which was a co-defendant's sock; as well as money taken from the sock.

Inasmuch as substantially the same argument applies to all specifications they are consolidated for purposes of argument.

The essence of appellant's argument supporting his contentions of error on the part of the trial court is that the Exhibits which were admitted over his objection were not relevant in

that they did not tend to prove any material facts. He claims that the exhibits were too remote in significance to have any probative value whatsoever. With this contention we cannot agree.

It has long been settled law in this jurisdiction that any evidence tending to prove a material fact is admissible, even though its tendency in that direction may be exceedingly slight. *Smith* v. *State* (1937), 212 Ind. 605, 10 N. E. 2d 899. It is equally well settled that positive proof of authentication of a fact or a thing is not necessary for admission of that fact or thing into evidence but circumstantial evidence is relevant. *Dixon* v. *State* (1963), 243 Ind. 654, 189 N. E. 2d 715. This court, in *Pullins* v. *State* (1970), 253 Ind. 644, 256 N. E. 2d 553, held that "any fact which tends to connect appellant with commission of a crime is admissible".

In the case now before us there is a connection between the appellant and the exhibits in question. Both the shotgun and the shell were of the type seen by the witnesses at the scene of robbery. They were found in close proximity of the appellant when the police stopped the car in which he was riding. The money found in the driver's sock is also relevant to the crime. The testimony showed that $188.69 in cash was taken from the station, in the robbery. The appellant was observed shaking the boot of the driver. The money was found in the sock of the driver. Clearly, when viewed with the evidence this fact has some relevance to the case.

We further note that any testimony tending to show an attempt to conceal or supress implicating evidence reveals a consciousness of guilt, just as attempt to escape or flee from the scene of a crime does. *Poindexter* v. *State* (1970), 253 Ind. 406, 264 N. E. 2d 605.

We find that the admission of all the questioned exhibits was proper and the trial court committed no error.

Judgment of the trial court is affirmed.

Hunter, Prentice, and Givan, JJ., concur; DeBruler, J., concurs in result.

NOTE.—Reported in 279 N. E. 2d 207.