JAMES B. BULLOCK *v.* STATE OF INDIANA.

[No. 2-876A325. Filed November 20, 1978.]

*Jan E. Helbert, Hall, Render & Helbert*, of Indianapolis, for appellant.

*Theodore L. Sendak*, Attorney General of Indiana, *Daniel Lee Pflum*, Deputy Attorney General, for appellee.

MILLER, J. — The Defendant-appellant (Bullock) was charged by information and convicted by a jury of attempted commission of a felony (robbery) while armed.[1]

The alleged errors argued by Bullock are:

(1) the verdict is not sustained by sufficient evidence in that the State failed to prove Defendant was at least sixteen years of age;

(2) the trial court erred in allowing the State to introduce a .45 caliber gun into evidence, there being no connection between the gun and the robbery;

(3) the trial court erred in allowing the State to reopen its opening statement after the State failed to state a *prima facie* case;

(4) the trial court erred in allowing the State to reopen its case in chief and call a witness after it had rested;

(5) the trial court erred in allowing the State to present evidence of Defendant's whereabouts at the time of the crime, inconsistent with where he claimed to be in his notice of alibi;

(6) the trial court erred in giving certain preliminary and final instructions.

We affirm.

The evidence most favorable to the State reveals that shortly after midnight on January 15, 1976, Bullock entered Five Hundred Liquor, Incorporated at 2857 N. Central, Indianapolis, Indiana, and asked Alfred Caldwell, an employee, for some wine. While Caldwell was ringing up the sale, Bullock drew a .45 caliber automatic pistol and demanded that Caldwell give him the money in the cash register. Caldwell backed into an adjacent room and phoned the police, giving a description of Bullock which included the color and type of his clothing and the fact that he wore a mustache and goatee. Bullock fled without taking any money. Approximately thirty minutes after the attempted robbery, the police apprehended and arrested Bullock, who matched the victim's description, about three blocks from Five Hundred Liquors, at 2906 N. Park.

---

1. I.C. 35-12-1-1, Repealed. *See* I.C. 35-42-5-1 for current version.

Although no weapon was found on Bullock's person, a fully loaded .45 caliber automatic pistol was recovered from a trash can at that location. Caldwell identified Bullock both at the scene of the arrest and at the trial.

## I. *Sufficiency of the Evidence.*

Bullock first challenges the sufficiency of the evidence, claiming that the State failed to prove every element of attempted robbery in that it failed to prove the Defendant was over sixteen years of age. Examination of the record reveals that the evidence was sufficient to establish the element of age. Opinion testimony was offered by State's witness, Officer Rothrock, to the effect that he had previously arrested people over sixteen years of age, and that he believed the Defendant to be between twenty-five and thirty years old. Additionally, the jury had the opportunity to observe the Defendant and surmise from his appearance that he was more than sixteen years old. Identification of the Defendant at trial, together with opinion testimony by a witness as to the Defendant's age, is sufficient evidence on the issue. It is then for the jury to decide whether the Defendant is in fact over sixteen years of age. *Dew v. State* (1978), 268 Ind. 17, 373 N.E.2d 138; *Chrisp v. State* (1978), 267 Ind. 673, 372 N.E.2d 1180.

## II. *Motion to Suppress Evidence.*

Bullock's second argument is that the court erred in overruling his pretrial motion to suppress evidence and his later timely objections at trial to the introduction of a .45 caliber gun for the reason that it was irrelevant, there being no connection established between the Defendant and the gun. Defendant bases his argument on the fact that the gun was not found in his possession and that the victim could not positively identify that particular gun as being the one used by the Defendant in the attempted robbery. The evidence did reveal, however, that the Defendant was arrested at 2906 N. Park and the gun was found fully loaded in a trash can at 2906 N. Park the day after the robbery. Furthermore, Caldwell testified that the exhibit looked exactly like the gun used, although he admitted he could not distinguish one .45 caliber gun from another. It is proper to admit a weapon into evidence when the victim testifies that it looks like the one used during the commission

of a crime. Any objection to its sufficiency goes to its weight, not its admissibility. *Horn v. State* (1978), 176 Ind. App. 527, 376 N.E.2d 512; *Pullins v. State* (1970), 253 Ind. 644, 256 N.E.2d 553. In *Poindexter v. State* (1978), 268 Ind. 167, 374 N.E.2d 509 our Supreme Court held as follows:

> "[T]his Court has held that positive proof of authentication of an object is not necessary for the admission of the object into evidence. *Elliott v. State* (1972), 258 Ind. 92, 279 N.E.2d 207. Any fact which legitimately tends to connect the defendant with a crime is admissible when only a reasonable inference may be deduced from such evidence. *Hill v. State* (1978), 267 Ind. 480, 371 N.E.2d 1303; *Hamp v. State* (1973), 157 Ind. App. 567, 301 N.E.2d 412."

The fact that the gun was found in the immediate vicinity of Defendant's arrest, coupled with evidence that a gun identical to the one found was used in the robbery, constitutes a sufficient connection between the exhibit and the Defendant to allow introduction of the exhibit even if it was not shown that the gun had ever been in the Defendant's possession. *Coleman v. State* (1975), 264 Ind. 64, 339 N.E.2d 51; *Pulliam v. State* (1976), 264 Ind. 381, 345 N.E.2d 229.

### III. *Reopening Opening Statement.*

Bullock's third argument is that the trial court erred in permitting the State to reopen its opening statement after its failure to set out all the elements of the crime pursuant to I.C. 35-1-35-1, which requires the prosecutor to "state the case". This issue has been waived by Defendant's failure to make the opening statement, or any proceeding thereon at the time of the opening statement, a part of the appellate record. *State v. Bryant* (1975), 167 Ind. App. 360, 338 N.E.2d 690.

### IV. *Reopening State's Case in Chief.*

Bullock next contends that the trial court erred by allowing the State to reopen its case in chief to call another witness after it had rested. He concedes that it is within the sound discretionary power of the trial court to pass on a motion to reopen, taking into consideration the interests of fairness and justice in allowing the entire case to be presented. *Asocar v. State* (1969), 252 Ind. 326, 247 N.E.2d 679. Defendant has failed in his Brief to point out what harm he suffered by the court's ruling and therefore we find no abuse

of discretion by the trial court. *Pawloski v. State* (1978), 269 Ind. 350, 380 N.E.2d 1280.

## V. Notice of Alibi.

Bullock next argues that the trial court erred in allowing the prosecutor to present evidence that he was at the scene of the robbery or that he participated in it, because the prosecutor failed to properly answer his notice of alibi which Defendant filed pursuant to I.C. 35-5-1-1[2] and I.C. 35-5-1-2.[3] He relies on I.C. 35-5-1-3 which provides:

"[a]t the trial, if it appears that the prosecuting attorney has failed to file and to serve upon the defendant or upon his counsel the prosecuting attorney's statement as prescribed herein, the court shall, in the absence of a showing of good cause for such failure by the prosecuting attorney, exclude evidence offered by the prosecuting attorney to show that the defendant was at a place other than the place stated in the defendant's original notice and that the time was other than the time stated in the defendant's original notice."

On March 19, 1976, Bullock filed his notice of alibi with the clerk of the trial court and gave an additional copy to the clerk to be placed in

---

2. "Whenever a defendant in a criminal case in a court other than that of a justice of the peace shall propose to offer in his defense evidence of alibi, the defendant shall, not less that ten days before the trial of such cause, file and serve upon the prosecuting attorney in such cause a notice in writing of his intention to offer such defense. The notice shall include specific information in regard to the exact place at which the defendant claims to have been at the time stated in the indictment or information as the time of such offense. The provisions of this chapter shall not apply in case the court sets the trial for a date less than fourteen days ahead."

3. "In the defendant's notice, required under this chapter, the defendant may also expressly require the prosecuting attorney to file and to serve upon the defendant or upon his counsel a specific statement in regard to the exact date which the prosecution proposes to present at the trial as the date when, and the exact place which the prosecution proposes to present at the trial as the place where the defendant was alleged to have committed or to have participated in the offense. If the defendant's notice requires such statement by the prosecuting attorney, or if the prosecuting attorney proposes to present at the trial as the specific date when the defendant committed or participated in the offense a date other than the date stated in the defendant's notice, the prosecuting attorney shall file and serve such statement upon the defendant or upon his counsel not later than eight days before the trial. If the prosecuting attorney's statement to the defendant names a specific date other than the date which is stated in the indictment or information and in the defendant's notice, the defendant shall not later than four days after the filing of the prosecuting attorney's statement file and serve upon the prosecuting attorney defendant's second notice presenting for such changed date the same details required for the original notice."

a "prosecutor's box". He contends that this procedure was sufficient to constitute service of notice on the State because the trial court's rules expressly permitted this procedure. The State replies that two copies of any rules formulated by the trial court shall be furnished to the Clerk of the Supreme and Appellate Courts, as required by Ind. Rules of Procedure, Trial Rule 81. A search of these rules by the State revealed that no such rules were on file. Furthermore, the Defendant in his Brief did not include a copy of this alleged trial court rule nor can we find such a rule in the record of these proceedings.[4] The State therefore argues that the Defendant did not serve a copy of the notice upon the prosecutor within ten days prior to the trial date of March 29, 1976 as required by I.C. 35-5-1-1, and that failure of the Defendant to timely serve the notice of alibi on the State forecloses the Defendant from objecting to the State's alleged failure to file an answer.

Bullock responds that even if the notice was not properly served, the State had knowledge of it from the court records, as is evidenced by the fact that the State filed an answer on March 26, 1976 with the trial court. Bullock claims, however, that no answer was served on him or his attorney, nor were they aware before the trial that an answer had been filed. The Defendant argues that an allegation of the deputy prosecutor that the answer was given to an employee for mailing does not constitute proof of mailing. Furthermore, he points out that the State's answer did not contain a Certificate of Service.

Finally, the State, citing *Owens v. State* (1975), 263 Ind. 487, 333 N.E.2d 745; *Reed v. State* (1963), 243 Ind. 544, 188 N.E.2d 533, and I.C. 35-5-1-3, argues that an unacceptable delay by the State in serving its answer to a notice of alibi is remedied by a continuance, and failure to seek a continuance for this purpose constitutes waiver of the issue. The Defendant did not request a continuance.

We find that the Defendant did not comply with the rules governing notice of alibi. The Defendant did not properly serve a copy of his notice upon the State. Ind. Rules of Procedure, Trial Rule 5(B) and Ind. Rules of Procedure, Criminal Rule 18 require that service be made by mailing

---

4. The trial judge was unaware of such a trial rule. Before overruling Defendant's motion he commented that the State was not personally served.

or by delivery, that is, handing a copy to the opposing party or attorney, leaving it at his office, or if the office is closed, at his dwelling house.

Strict adherence to the requirements of I.C. 35-5-1-1, directing the defendant to "file and serve upon the prosecuting attorney" written notice of an alibi defense, is a *prerequisite* to the application of the rights and duties established in I.C. 35-5-1-2, which requires the State to file an answer if requested by the defendant. *Shelton v. State* (1972), 259 Ind. 559, 290 N.E.2d 47; *Pearman v. State* (1953), 233 Ind. 111, 117 N.E.2d 362. Thus, the defendant is forclosed from objecting to the State's alleged failure to comply with the statute.

The Defendant's assertion that he complied with a trial court rule allowing him to leave a copy of his notice in a "prosecutor's box" in place of mailing or delivery is without merit. There has been no evidence presented that the trial court had such a rule. Furthermore, we would challenge the validity of such a rule, if it did indeed exist, in that it would be in direct conflict with TR. 5(B) and CR. 18. Since the Defendant did not comply with the statutory rules, we find no error.

## VI. *Instructions.*

Defendant's first challenged instruction involves a preliminary instruction given by the court which concerned lesser offenses and stated that "assault and battery with intent to commit a felony" may be included under the crime charged. The Defendant's objection to this preliminary instruction, as set out in his Appellant's Brief, and exactly as it appears in the transcript of the proceedings, was as follows:

[COUNSEL]: "We would object to that . . .

THE COURT: "All right.

[COUNSEL]: ". . . that instruction given if assault or assault and battery with intent to commit a felony, to-wit: robbery, is in fact the instruction, because, we are talking about the attempt to do two different things and assault being an assault, ah, an act of present ability to do harm when opposed to as covered in this information, it is the attempted robbery, it is not the attempted assault or the present ability to assault, whether or not a felony to-wit: robbery, was done or not done. The attempted language in

the information, as drafted, is language which states that the attempt is to commit the crime of robbery, not, ah, has no attempt, attempt is provided with regard to the assault portion of this charge."

Defendant now claims on appeal and argues in his Brief that this preliminary instruction was erroneous because the information did not allege a "battery" and, therefore, assault and battery with intent to commit a felony was not an included offense. He contends that such a preliminary instruction was confusing to and misled the jury. It is extremely difficult, if not impossible, to decipher the language of the objection made by counsel to this instruction at the trial. However, it is clear that the objection did not raise the ground which is now raised by the Defendant in this appeal.

Both Ind. Rules of Procedure, Criminal Rule 8(B) and Ind..Rules of Procedure, Trial Rule 51(C) (which has been held applicable in criminal cases, *Martin v. State* (1974), 261 Ind. 492, 306 N.E.2d 93) require a party to make specific objections to an instruction and provide that no error with respect to the giving of instructions is available as a cause for a new trial or on appeal, except upon said *specific objections*. Our Supreme Court has repeatedly held that where the defendant fails to object at trial for the same reasons being urged on appeal, he is deemed to have waived his alleged error. *Strickland v. State* (1977), 265 Ind. 664, 359 N.E.2d 244; *Tyler v. State* (1968), 250 Ind. 419, 236 N.E.2d 815.

Although the Defendant has waived this alleged error we note that the trial court, in its final instructions, deleted mention of the crime of assault and battery with intent to commit a felony and instructed the jury that the lesser included offenses were assault with intent to commit a felony and simple assault. The trial judge noted that there was no evidence presented at the trial of an unlawful touching. He also submitted verdict forms only as to the crime charged and to the aforementioned included offenses. Therefore, we fail to see how the jury could have been misled since any question as to included offenses was corrected by the court's final instructions and verdict forms.

Lastly, Defendant claims the court erred in giving the following final instruction:

"A person who is convicted of a crime by a jury is sentenced by the Judge. In many cases the Judge has certain sentencing alternatives which may include probation, restitution, short sentences, rehabilitation programs, etc. In other cases the law requires the Judge to sentence to a term of imprisonment that is either fixed by the law, or set by the Jury.

A person who is sentenced to imprisonment for less than life is entitled by law to a reduction of his time based upon a certain schedule and upon his behavior in the institution. Also he is given credit toward his sentence for time spent in jail on this charge. For these reasons it is possible that a person could serve considerably less than the stated sentence. On the other hand, it is also possible that a person could serve the full maximum. In either case it is determined by future events beyond our present knowledge or control.

Therefore, in arriving at your verdict, you should not consider or speculate as to the actual amount of time a person will serve."

At trial, defense counsel objected to said instruction as follows:

"Well, they are unnumbered but I would object to the one that goes into a extended discussion of sentencing procedures without accurately stating the law, only covering very briefly, stating that there may be good time and there may be this and there may be that, but don't speculate. If the court wanted to give an instruction that the Jury is not to speculate as to some such it should be the instruction and not a bunch of other things regarding good time and parole and this and that when they are not adequately explained according to law. And in fact are so brief that they do not conform to the law."

Defendant argues on appeal as grounds for error that the instruction "can only serve to influence the jury's opinion to find the Defendant guilty of the greater charge" as long as there are lesser included offenses to be considered in the case.

In the case of *Feggins v. State* (1977), 265 Ind. 674, 359 N.E.2d 517 our Supreme Court adopted the reasoning now asserted by the Defendant on appeal and held that such an instruction concerning the possibility that a defendant will not serve his full sentence should not normally be given the jury, thereby overruling the long standing rule set out in *Watts v. State* (1949), 226 Ind. 655, 82 N.E.2d 846, rev'd other grounds 338 U.S. 49, 69 S.Ct. 1347, 93 L.Ed. 1801 which permitted comment on

such possibility when the jury had the power to fix the sentence. The Court held that the danger of giving this instruction is:

> "[T]hat the jury, informed of the possibility of facts which could diminish the defendant's sentence, will convict the defendant of a more serious offense than that which they actually believe him to be guilty of, in order to provide a penalty which they consider more appropriate". *Feggins, supra,* p. 523 of 359 N.E.2d.

However, the Court noted further that it was proper to give such an instruction as the one in question to the jury "upon their inquiry or upon the inadvertent introduction of the subject before the jury". Thus, in *Feggins, supra,* where there was such an inquiry by the jury during *voir dire* examination, the Court held that the trial court could comment as aforesaid.

After reviewing the instruction, the Defendant's objection thereto and the applicable law, we again find that the Defendant has failed to preserve error, if any, on the question of this instruction. First, Defendant's objection to the instruction in the trial court is not on the same grounds as that argued in his Brief. Defendant's objection to the instruction was not that it was improper to mention the possibility of "good time" and "parole" but, rather, that the sentencing procedures were covered too briefly and that the question of "good time" and "parole" were not adequately explained. As noted earlier in this opinion, the Defendant's failure to object at trial on the grounds now raised on appeal operates as a waiver of the alleged error. *Strickland, supra, Tyler, supra;* CR. 8(B) and T.R. 51(C).

Secondly, in *Feggins, supra,* the Court held that such an instruction was proper if the matter arose either by inquiry by members of the jury or the inadvertent introduction of the subject before the jury. In that case the matter arose during *voir dire* examination of prospective jurors, a time in which such subject is likely to be broached. The Defendant has failed to include the *voir dire* examination of the prospective jurors in his record of proceedings. Therefore, we are unable to say that the court erroneously gave the instruction in question. It is the duty of an appellant to present an ade-

quate record to an appellate court. *Misenheimer v. State* (1978), 268 Ind. 274, 374 N.E.2d 523.[5]

The conviction of the Defendant is affirmed.

Young, J., concurs.

Chipman, J., concurs in result.

NOTE—Reported at 382 N.E.2d 179.

---

5.   In *Cooper v. State* (1977), 265 Ind. 700, 359 N.E.2d 532 the Supreme Court held that the defendant waived the issue of the giving of an identical instruction by reason of his failure to include it in his Motion to Correct Errors. The Court stated that "If the instruction was, in fact, erroneous, it, nevertheless, does not rise to 'substantial error' warranting us in going behind a waiver and litigating that which could and should have been litigated below."