**Lorenzo JOHNSON, Appellant (Defendant Below),**

v.

**STATE of Indiana, Appellee (Plaintiff Below).**

**No. 1179S328.**

Supreme Court of Indiana.

Feb. 8, 1980.

John P. Avery, Indianapolis, for appellant.

Theo. L. Sendak, Atty. Gen., Gordon R. Medlicott, Deputy Atty. Gen., Indianapolis, for appellee.

PRENTICE, Justice.

Defendant (Appellant) was convicted in a trial by jury of attempted criminal deviate conduct (Class A), Ind.Code § 35–41–5–1 and § 35–42–4–2 (Burns 1979), and was sentenced to imprisonment for a term of twenty (20) years. His direct appeal presents the following issues:

(1) Was the verdict sustained by sufficient evidence?

(2) Did the trial court commit reversible error by admitting Defendant's knife into evidence over his objection?

\* \* \* \* \* \*

## ISSUE I

■ As a court of review, we will neither reweigh the evidence nor judge the credibility of the witnesses. *Robinson v. State*, (1977) 266 Ind. 604, 365 N.E.2d 1218. Rather, we will look only to that evidence most favorable to the State and all reasonable inferences to be drawn therefrom, to determine whether a reasonable juror could have found the existence of each of the elements of the crime charged beyond a reasonable doubt. *Baum v. State*, (1976) 264 Ind. 421, 345 N.E.2d 831.

The record when viewed in that light reflects that the female victim was walking home from the grocery store on February 15, 1979, when she was suddenly grabbed from behind. The attacker threatened to kill her and pulled her into an alley. He then held a knife to her throat and said, "Well, I want you to suck my dick," and "Undo those pants." However, a pedestrian came down the street and, when the victim screamed, the attacker fled. A search of the general vicinity led to defendant's arrest. The victim identified him as the assailant.

Defendant asserts that the only evidence of attempted deviate sexual conduct was the victim's testimony that the attacker stated, "suck my dick," and that she understood this to be a demand for "oral sodomy" or "oral sex." It is his contention that the words "oral sodomy," "oral sex," and "suck my dick" encompass many acts which are not prohibited by the statutory definition of deviate sexual conduct and that the meaning of such words is too uncertain or unclear for the jury to have inferred that the attacker intended unlawful deviate sexual conduct.

■ Deviate sexual conduct is defined as "an act of sexual gratification involving a sex organ of one person and the mouth or anus of another person." Ind.Code § 35–41–1–2 (Burns 1979). In context, the defendant's commands to the victim would permit a reasonable juror to find, beyond a reasonable doubt, that the defendant attempted to cause the victim to submit to deviate sexual conduct, as above defined, and as proscribed by Ind.Code §§ 35–41–5–1 and 35–42–4–2 (Burns 1979).

## ISSUE II

Defendant was searched incidental to his arrest, and a knife was found on his person. The victim testified that this knife was similar in appearance to the one which had been used against her, although she could not state positively that it was the same knife. It was admitted into evidence over defendant's objection. On appeal, he contends that there was "no creditable (sic) evidence linking this knife to the crime" and that he was prejudiced by its introduction since the jury could logically infer that one who is armed with a knife is a "dangerous and violence prone individual."

■ Evidence is generally admissible if it has a tendency to prove or disprove a material fact. *Minton v. State*, (1978) Ind., 378 N.E.2d 639. "Positive proof or positive identification of evidence has not been required prior to its admission." *Elliott v. State*, (1972) 258 Ind. 92, 279 N.E.2d 207. That the connection with the crime is inconclusive affects the weight of the evidence but does not render it inadmissible. *Car-*

*man v. State*, (1979) Ind., 396 N.E.2d 344. Upon the facts of this case, there was no error in admitting the knife into evidence. It was found on the defendant when he was arrested near the scene of the assault. His possession of a knife resembling that used in the attack, while certainly not conclusive upon the issue of guilt, does increase the likelihood that he was the assailant. It was merely one more factor which the jury was allowed to consider in making its determination of guilt or innocence.

We find no error. The judgment of the trial court is affirmed.

GIVAN, C. J., and DeBRULER, HUNTER and PIVARNIK, JJ., concur.