**Floyd WARRINER, Appellant,**

v.

**STATE of Indiana, Appellee.**

**No. 1280S466.**

Supreme Court of Indiana.

June 1, 1982.

Walter E. Bravard, Indianapolis, for appellant.

Linley E. Pearson, Atty. Gen., Aimee L. Kolze, Deputy Atty. Gen., Indianapolis, for appellee.

DeBRULER, Justice.

Defendant-appellant, Floyd Warriner, appeals from a conviction on two counts of armed robbery, Ind.Code § 35–42–5–1 (Burns 1970) and two counts of criminal confinement, Ind.Code § 35–42–3–3. He was sentenced to twelve years' imprisonment on each of the four counts, the terms to be served concurrently.

The appeal presents three issues for review:

1. Whether the verdict was based on evidence tainted by improper pre-trial identification procedures and whether the trial court's reception of such evidence amounted to fundamental error.

2. Whether the trial court erred in admitting certain evidence.

3. Whether there was sufficient evidence to convict; and whether the verdict denied defendant's lawful presumption of innocence.

The facts favorable to the State's case show that in February, 1980, defendant Warriner and an accomplice, armed with a shotgun, robbed two men by threatening to kill them unless they lay on the ground and surrender their wallets. After the assailants fled with the victims' wallets, defendant was arrested within two hours in a car matching a description provided by one of the victims.

### I.

■ Defendant Warriner made no objection at trial to what he now claims was an impermissibly suggestive pre-trial identification in violation of his right to due process. He claims that the issue is never-theless reviewable as fundamental error. Fundamental error is error that, if not rectified, would deny a defendant fundamental due process. *Johnson v. State*, (1979) Ind. 390 N.E.2d 1005. It is not enough, in order to invoke this doctrine, to urge that a constitutional right is implicated. Only when the record reveals clearly blatant violations of basic and elementary principles, and the harm or potential for harm could not be denied, will this Court review an issue not properly raised and preserved. *Nelson v. State*, (1980) Ind. 409 N.E.2d 637.

■ Without reviewing the merits of the claim of an impermissibly suggestive pre-trial identification, we hold that even if it is demonstrated by the record, it does not rise to the level of fundamental error because the two victims of the armed robbery made in-court identifications of the defendant and they were subject to cross-examination on the questions of their credibility as witnesses, and their opportunity to observe the defendant. Since they were subject to a full inquiry into the circumstances of their identification, including any suggestive procedures, any impingement on the defendant's due process rights cannot be said to have precluded a fair trial. The failure to object to the testimony assertedly tainted therefore operates as a bar to review.

### II.

The trial court, over defendant's objection, admitted State's Exhibit No. 1, a jacket, into evidence. The claim on appeal is that the jacket was never sufficiently identified by witnesses to establish its relevancy, and that a foundation showing a proper chain of custody was never established. Defendant argues that the evidence was prejudicial because the jacket was the only piece of physical evidence introduced by the State.

■ One of the victims testified that one of the robbers wore a light beige coat with a hood. When shown Exhibit No. 1 in court, this witness said that it was similar to the coat worn by the robber who held the shotgun. The victim also testified that the

jacket was the one worn by the defendant when the victim was called to the police station to identify one of the robbers. The other victim testified that the robber with the gun wore a light-colored suede jacket with a hood and that Exhibit No. 1 was similar to the jacket worn by the robber. He also stated that he observed the robber driving away from the scene, wearing State's Exhibit 1. Two police officers testified that State's Exhibit 1 was the jacket worn by defendant when he was arrested within two hours after the robbery. Defendant argues that this evidence did no more than establish a possibility that the jacket was worn by one of the robbers because no positive identification was ever made by those who were capable of connecting the jacket to the crime, thereby establishing the exhibit's relevance. As defendant himself concedes, positive proof or positive authentication of evidence is not required by admission. *Johnson v. State*, (1980) Ind. 400 N.E.2d 132; *Elliott v. State*, (1972) 258 Ind. 92, 279 N.E.2d 207. Defendant's challenge to this exhibit merely goes to the weight of the evidence, not its admissibility. We do not weigh the evidence on appeal.

Defendant also asserts that the State did not establish a chain of custody for the jacket. He argues that there was a forty-nine-day period during which the jacket was unaccounted for, and for which the State did not negate any substantial likelihood of substitution or alteration.

The record reveals that a police officer took the jacket from defendant on February 26, 1980, following his arrest the night before. He marked it and placed it in the police property room to be held as evidence. It was taken from the property room on May 29, 1981, by police and brought to the court for proceedings in this case.

The court reporter took custody of the coat on May 29, 1980, and locked it in the court's exhibit cabinet. She believed that she had the only key to the cabinet, although she testified that the judge may have had a duplicate, and she stated that the coat was not removed from the cabinet

until the trial in July. The police officer who originally took the jacket from defendant testified at trial that Exhibit No. 1 was the same jacket he had taken from defendant, marked with his own initials and placed in the police property room. A nonfungible item may be admitted into evidence based on testimony that the item is the one in question and is in a substantially unchanged condition. *Woodward v. State*, (1977) 267 Ind. 19, 366 N.E.2d 1160. There was a proper foundation for admission of the jacket, and it was properly admitted, under this test.

### III.

Finally, defendant asserts that the jury's finding was not based on sufficient evidence and that the finding denied him his lawful presumption of innocence.

Defendant claims that he was denied the lawful presumption of innocence because there was substantial doubt as to his guilt, citing *Goodloe v. State*, (1961) 248 Ind. 411, 229 N.E.2d 626, a case in which we held that there was a complete failure of evidence. In discussing a similar claim recently, this Court said:

"The presumption of innocence, which belongs to every criminal defendant at the outset of a trial, is a concept for protecting the accused against being convicted upon doubtful evidence. It operates as an obligation upon the jury which is explained to it by the trial judge and instructs as to what it should require, if it is to return a verdict of guilty. The presumption exists as a matter of law, but it is for the guidance of the jury, not courts of appeal, and when the trial court has properly instructed the jury upon the matter, it can do no more. The degree of proof that will be required to overcome the presumption rests in the conscience of each juror. *It cannot be said that the presumption was denied simply because the evidence was conflicting or because reasonable men might differ in their conclusions therefrom.*" (Emphasis added.) *Oates v. State*, (1982) Ind. 429 N.E.2d 949, 952.

The following instruction was given to the jury at the beginning of the trial:

"Under the law of this state you are the sole judges of both the law and the evidence and you must presume that the defendant is innocent. You must continue to believe he is innocent throughout the trial, unless the State proves that the defendant is guilty, beyond a reasonable doubt, of every essential element of the offense charged, the burden of proof herein is on the State alone and never shifts to the defendant.

Since the defendant is presumed to be innocent, he is not required to present any evidence to prove his innocence, nor to prove, do, or explain anything. If at the conclusion of the trial, there remains in your mind a reasonable doubt concerning the defendant's guilt, you must find him not guilty."

When an instruction such as this is given, there can be no merit to a claim that a defendant was denied the presumption. *Id.; Ferguson v. State,* (1980) Ind. 405 N.E.2d 902.

In reviewing claims of insufficient evidence, this Court neither weighs the evidence nor resolves questions of credibility, but only looks to the evidence and reasonable inferences therefrom which support the verdict. *Smith v. State,* (1970) 254 Ind. 401, 260 N.E.2d 558. If from that viewpoint there was evidence of probative value from which a reasonable trier of fact could conclude that a defendant was guilty beyond a reasonable doubt, we will affirm the conviction. *Taylor v. State,* (1973) 260 Ind. 64, 291 N.E.2d 890; *Glover v. State,* (1970) 253 Ind. 536, 255 N.E.2d 657.

The claim of insufficiency is based on defendant's attack on the reliability of the victims' testimony as to the element of identity. Both victims unequivocally identified defendant based on their observation of him during the robbery. Defendant and his accomplice stood about ten feet from the victims. Victim Green testified that he had a good view of the assailants for fifteen to twenty seconds because two street lights illuminated the area. Victim Cummings testified that he had a two or three minute opportunity during the robbery to observe the two men and that the area was well-lit by two security lights. There was sufficient evidence to support the jury's verdict.

The convictions are affirmed.

GIVAN, C. J., and HUNTER, PRENTICE and PIVARNIK, JJ., concur.