**William Thomas GRAY, Appellant,**

v.

**STATE of Indiana, Appellee.**

**No. 1081S292.**

Supreme Court of Indiana.

July 29, 1982.

Walter E. Bravard, Jr., Indianapolis, for appellant.

Linley E. Pearson, Atty. Gen. of Indiana, Richard Albert Alford, Deputy Atty. Gen., Indianapolis, for appellee.

GIVAN, Chief Justice.

Appellant was convicted of Burglary and Theft. He was sentenced to two terms of imprisonment for the offenses, fifteen and two years respectively to be served concurrently.

A man, living in the vicinity of the burglary, was awakened by three male youths ringing the doorbell and pounding on the door. When the man asked the youths what they wanted, one of the young men later identified as appellant, replied they were looking for "Bill." The group left when the man informed them Bill did not reside there. He telephoned the police. Upon investigation pry marks were found on the door.

Less than an hour later, Steve Wenning returned to his parents' home finding an unfamiliar car in the driveway and the window of the door broken. Inside he discovered his parents' bedroom ransacked and the bedroom window open. A jar of coins and a money sack containing coins were missing. No dimes were in either container. A penny which had been painted with a substance resulting in a green appearance was taken with the other coins. Eleven antique and recently purchased watches stored in a dresser drawer were also gone. As Steve

exited the home, three youths approached him, asking to whom the car in the driveway belonged. When Steve replied he did not know, the group walked down the driveway and then ran away. Steve telephoned the police to report the burglary and theft.

Deputy Roney apprehended the three men in the immediate area. He transported them to the Wenning residence where Steve Wenning identified them as being the same men he had seen and spoken to earlier. Deputy Roney ordered the youths to empty their pockets and place the contents on the hood of the police car. Each one had a considerable amount of change in the denominations of pennies, nickels and quarters. There were, however, no dimes. The "green penny" was among the coins. Deputy Roney found two watches in the backseat of the patrol car prior to taking the youths to the sheriff's department. The watches were identified by Mr. Wenning at the scene as belonging to him. Another watch was found on the driveway close to the car. Two watches were found in the grass. Yet another watch was found hanging from a window sill. After photographing the coins and watches, the property was returned to the Wennings.

The man who had earlier reported the incident occurring at his home was brought to the scene. There, he identified appellant as the youth who had stated he was looking for Bill.

■ Appellant claims the trial court erred by admitting the recovered watches into evidence over defense objection. He argues the authenticating witness was unable to sufficiently identify the watches. This Court has held positive identification of relevant evidence is not required prior to its admission. *Johnson v. State*, (1980) Ind., 400 N.E.2d 132; *Elliott v. State*, (1972) 258 Ind. 92, 279 N.E.2d 207.

The owner testified he had seen the watches stored in his dresser during the morning prior to the offense. They were missing from the drawer when he was requested to return home. The watches were found hanging from the bedroom window

sill, in the driveway, in the yard and in the officer's patrol car. Mr. Wenning identified the jewelry as belonging to him. The watches were photographed and returned to Mr. Wenning's possession. Mr. Wenning brought them to court for the trial. During trial, Mr. Wenning identified the watches in the photographs as his and his wife's property. He based his identification on recognition from "long-handling." His failure to know the brand names of all but one watch, the serial numbers or to have scratched his initials on them is, contrary to appellant's assertions, without moment.

■ Appellant's argument that the State failed to establish any connection between the watches and him is likewise without merit. He specifically urges no evidence was adduced at trial to show he actually possessed the watches. Any evidence which legitimately tends to connect the appellant with the crime is admissible when only a reasonable inference may be deduced from such evidence. *Poindexter v. State*, (1978) 268 Ind. 167, 374 N.E.2d 509; *Maxwell v. State*, (1980) Ind.App., 408 N.E.2d 158. Mr. Wenning testified the recovered watches were his and his wife's possessions. Two watches were recovered in the officer's patrol car after Deputy Roney had apprehended appellant and his companions and transported them to the scene of the crime. The trial court did not err in admitting the watches into evidence.

■ Appellant claims the trial court erred by admitting into evidence the coins recovered from him and his two companions because it was not capable of eyewitness identification and not sufficiently connected to him through laying a proper chain of custody. However, the coins were not introduced into evidence with the exception of the "green penny," State's exhibit 19. Appellant has failed to support his claim regarding exhibit 19 with any argument, it is deemed waived on appeal. Indiana Rules of Appellate Procedure, Rule 8.3(A)(7), *Millar v. State*, (1981) Ind., 417 N.E.2d 1105.

■ Appellant argues the photograph of the coins recovered from him and his two

companions was not sufficiently connected to him to be properly admitted. He alleges the State failed to elicit testimony from the officers that coins were taken from him. However, Deputy Roney testified "a considerable amount of change" was taken from each suspect. The currency did not include any dimes. The green penny was also recovered. This evidence gives rise to a reasonable inference that appellant was connected with the crime and is, therefore, admissible. *Poindexter, supra; Maxwell, supra.*

Appellant's argument that exclusion of the evidence was necessary because of an impropriety in the chain of custody is inappropriate. The coins were not introduced into evidence during the trial. The photograph was taken shortly after the coins were placed on the hood of the patrol car. Deputy Roney testified as to its authenticity. There was no error.

Appellant claims the evidence was insufficient to support the verdict of guilt. He argues the evidence, circumstantial in nature, does not overcome every reasonable hypothesis of innocence. Appellant misstates the standard of review for convictions based on circumstantial evidence. We need only find an inference may be reasonably drawn from the evidence which supports the finding of the trial court. *Eaton v. State,* (1980) Ind., 408 N.E.2d 1281. We will not reweigh the evidence nor judge the credibility of the witnesses. *Williams v. State,* (1980) Ind., 406 N.E.2d 241. Ample evidence was heard from which the trier of fact could infer appellant was acting in concert with the two other youths in the burglary and theft. *Proctor v. State,* (1979) Ind., 397 N.E.2d 980. The above recited facts sufficiently support an inference that appellant participated in the breaking and entering of the Wenning home and exerted unauthorized control over the Wenning's property.

The trial court is in all things affirmed.

All Justices concur.