Jesse Lee SEWELL,
Defendant-Appellant,

v.

STATE of Indiana, Plaintiff-Appellee.

No. 3–782A158.

Court of Appeals of Indiana,
Third District.

Dec. 16, 1982.

Charles F. Leonard, Deputy Public Defender, Fort Wayne, for defendant-appellant.

Linley E. Pearson, Atty. Gen., Michael Gene Worden, Deputy Atty. Gen., Indianapolis, for plaintiff-appellee.

HOFFMAN, Presiding Judge.

Jesse Lee Sewell was convicted at bench trial of robbery while armed with a deadly weapon, a class B felony.[1] He now appeals that conviction.

The record reveals that on September 21, 1981, Keith Gerkin was working alone as the night cashier at a 7–Eleven Store in Fort Wayne. Mr. Gerkin was sweeping the walk in front of the store when appellant approached at approximately 1:15 A.M. During the conversation that ensued appellant told Mr. Gerkin that he had a gun and that he wanted the cash from the store's register. Mr. Gerkin complied with this demand and handed over a total of approximately $50 in cash, including a two-dollar bill, the serial number of which had been

1. IC 1971, 35–42–5–1 (Burns 1979 Repl.).

recorded in the event the store might be robbed. Though Mr. Gerkin never actually saw a gun he testified that appellant's posture with one hand on his hip behind his coat led him to believe that appellant did in fact possess such a weapon.

Immediately after appellant fled the premises on foot Mr. Gerkin telephoned the Fort Wayne police to report the robbery and gave a detailed description of the perpetrator. Officers Geller and Kinsey, who were in the vicinity of the store, received a radio dispatch regarding the robbery at approximately 1:23 A.M. Moments later the officers observed appellant's automobile as it ran a stop sign at a high rate of speed. The officers then pursued and stopped appellant whereupon they noted that appellant's appearance matched the description of the robber given by the radio dispatcher. A search incident to arrest of appellant revealed a wad of cash in his pocket, including the marked two-dollar bill. In addition, the butt of a revolver was observed sticking out from under the driver's seat of appellant's car. Appellant was then returned to the store and positively identified by Mr. Gerkin as the man who had committed the robbery.

Appellant initially contends that the evidence adduced at trial is insufficient to sustain his conviction since the prosecuting witness, Mr. Gerkin, was unable to describe any weapon in appellant's possession during the commission of the crime. This is a similar contention to that previously rejected in *Lyda v. State* (1979), Ind., 395 N.E.2d 776, in which both eyewitnesses similarly acted on the defendant's representation that he was armed though a weapon was never produced, shown, or displayed to them. In *Lyda* the Supreme Court of Indiana held that clearly there was not an absence of evidence tending to prove that the defendant was armed.

The facts in the instant cause differ from those in *Lyda* only in that the defendant in the previous case exchanged shots with the police during a chase which ensued after

the robbery. However, this distinction neither diminishes nor negates any of the operative facts which arose as the result of appellant's commission of the robbery in the case at bar. There was substantial evidence of probative value from which the trier of fact could reasonably have inferred that appellant was armed, and it is well established that this Court will not reweigh such evidence on appeal. *Razo v. State* (1982), Ind.App., 431 N.E.2d 550.

Appellant further claims that the trial court erred in admitting the revolver found under the seat of his car into evidence since there was no nexus shown between that weapon and the robbery. In this contention appellant relies solely on *Bullock v. State* (1978), Ind.App., 382 N.E.2d 179, in which a gun was found in a trash can outside the defendant's residence the day following the robbery. This Court held that this gun was admissible even though the eyewitness could not positively identify it as the gun used during the robbery.

The facts in the instant cause differ significantly from those in *Bullock, supra,* however. Although appellant never displayed the weapon during the course of the robbery, Mr. Gerkin reasonably believed that he was armed. Appellant was apprehended a very short time later in possession of a sum of cash, including the marked two-dollar bill, and a revolver. It was noted in *Johnson v. State* (1980), Ind., 400 N.E.2d 132, at 133–134, that:

> "Evidence is generally admissible if it has a tendency to prove or disprove a material fact. *Minton v. State,* (1978) [269] Ind. [39], 378 N.E.2d 639. 'Positive proof or positive identification of evidence has not been required prior to its admission.' *Elliott v. State,* (1972) 258 Ind. 92, 279 N.E.2d 207. That the connection with the crime is inconclusive affects the weight of the evidence but does not render it inadmissible. *Carman v. State,* (1979) Ind., 396 N.E.2d 344."

As noted above, the trier of fact could reasonably infer that appellant was armed during the commission of the robbery. The fact that he was in possession of a handgun when apprehended a short time after the perpetration of the crime, though certainly not conclusive on the issue, only increases the reasonableness of that inference. *Johnson v. State, supra.* There was no error in the admission of the gun.

The judgment of the trial court is accordingly affirmed.

Affirmed.

GARRARD and STATON, JJ., concur.