**Gerald JACKSON, Appellant (Defendant Below),**

v.

**STATE of Indiana, Appellee (Plaintiff Below).**

No. 382S73.

Supreme Court of Indiana.

April 23, 1984.

Michael A. Dvorak, South Bend, for appellant.

Linley E. Pearson, Atty. Gen., Richard Albert Alford, Deputy Atty. Gen., Indianapolis, for appellee.

PRENTICE, Justice.

After a trial by jury, Defendant (Appellant) was convicted of Attempted Robbery, a class B felony, Ind.Code §§ 35–41–5–1 and 35–42–5–1 (Burns 1979) and sentenced to sixteen (16) years imprisonment. His direct appeal presents five (5) issues for review:

(1) Whether the trial court erred in denying his motion to suppress evidence of the pre-trial photographic lineup identification by witness Reith and to suppress any in court identification of the Defendant by such witness.

(2) Whether the trial court erred in admitting into evidence State's exhibits numbered 3–8, photographs of the scene of the crime;

(3) Whether the trial court erred in admitting into evidence State's Exhibit Number 9, a gun;

(4) Whether the trial court erred in denying Defendant's motion for mistrial predicated upon the State's reference to police station photograph books;

(5) Whether the evidence is sufficient to sustain the verdict.

The record disclosed that on March 15, 1981, at approximately 5:15 a.m., the Defendant entered the Royal Italian Beef Restaurant in South Bend, Indiana and asked Thomas D. Rieth, the night manager, for change. After receiving four quarters for his one dollar bill, Defendant pulled a small caliber chrome-plated handgun which he then attempted to fire into the air. Reith heard a "click" sound. Defendant subsequently pointed the gun at Reith's face, demanded the money in the cash register drawer, and pulled the trigger of the gun, which again only "clicked." Defendant then used the gun to hit the cash register keys and finally turned the gun once again on Reith. For the third time, it failed to fire. Reith then grabbed a nearby container of bleach water and threw the water at Defendant, who ran out of the door of the restaurant. Reith followed and observed the Defendant enter a large white automobile with a black top which another person drove away.

## ISSUE I

Following a hearing, the trial court denied Defendant's motion to suppress evidence of a pre-trial photographic lineup identification by witness Reith and any in court identification of him by such witness, it being charged that such in court identification would be tainted by the pre-trial identification. He assigns such denial as error here. However, when a motion to suppress evidence is denied, the party seeking to exclude the evidence must, thereafter, object at the time the opposing party offers the evidence. Otherwise, any error predicated upon the trial court's denial of the motion to suppress is waived. *Harris v. State*, (1981) Ind., 427 N.E.2d 658, 661; *Pointon v. State*, (1978) 267 Ind. 624, 627, 372 N.E.2d 1159, 1161. In the case at bar, Defendant failed to object when Reith testified regarding his pre-trial selection of Defendant's photograph from an array consisting of five (5) photographs. He also failed to object when Reith identified him, in court, as the perpetrator of the crime. We note, however, that the pre-trial photographic lineup procedure had not been im-

permissibly suggestive. The motion, therefore, was not well grounded.

## ISSUE II

State's exhibits numbered 3 through 8, photographs of the Royal Italian Beef Restaurant, were admitted into evidence over Defendant's objection that they had not been presented to the defense prior to trial, in violation of a pre-trial discovery order, and that they were misleading.

This Court has consistently held that a trial court has broad discretion to remedy the failure of the State to comply with a discovery order. *Crenshaw v. State*, (1982) Ind., 439 N.E.2d 620, 623; *Richardson v. State*, (1979) 270 Ind. 566, 567, 388 N.E.2d 488, 490; *Popplewell v. State*, (1978) 269 Ind. 323, 327, 381 N.E.2d 79, 82. " '[T]he trial judge is usually in the best position to determine what harm, if any, evolved from a violation, whether or not such harm can be eliminated or satisfactorily alleviated and the dictates of fundamental fairness. Absent clear error in his decision it should not be overturned.' " *Chandler v. State*, (1981) Ind., 419 N.E.2d 142, 145 (citations omitted).

In the case at bar, the photographs to which Defendant objects were taken one day before trial and made available to the State on the morning of trial. Upon Defendant's objection, the trial court afforded him the opportunity to go over the photographs while the court recessed. Defendant, however, stated that he did not need a recess. In a case such as this, the appropriate remedy is a recess or continuance, unless the state has acted in a manner that is so misleading or demonstrates such bad faith that the defendant's fair trial rights can be assured only by excluding the evidence which, theretofore, had been concealed or withheld. *Chandler v. State*, (1981) Ind., 419 N.E.2d at 146. Defendant has failed to show that the State's failure to provide the pictures in response to the discovery order had misled him or demonstrated bad faith. In fact, the State had attempted, without success, to have the pictures taken and made available to

the defense two weeks before the trial date. Neither has Defendant shown how he would have altered his defense strategy, had the photographs been available before trial. *See Crosson v. State*, (1978) 268 Ind. 511, 516, 376 N.E.2d 1136, 1140.

Defendant's further claim that the photographs were misleading is without merit. While it is true that they were taken during the day, whereas the crime had occurred while it was dark outside, the photographs were admitted with an instruction that they were to be considered "for the limited purpose of indicating the physical layout of the structures and areas depicted ... not ... as any proof of the amount of light that night and how things looked that night ...."

Had the pictures significantly misrepresented the scene of the crime, the Defendant should have apprised the court of that fact. As he did not, we conclude that there was no such representation and find no error in the admission of the photographs.

## ISSUE III

Defendant objected to the admission of State's Exhibit Number 9, a gun, arguing that the State had failed to establish that it was the one used in the attempted robbery and that it had not been linked to him. In *Bullock v. State*, (1978) 178 Ind.App. 316, 382 N.E.2d 179, the appellant objected to the introduction of a gun because the victim could not positively identify it as the one used by him in the attempted robbery. The victim, however, testified that the gun "looked exactly like" the gun used. Further, that gun had been found in a trash can at the address where appellant had been arrested one day after the robbery. The Indiana Court of Appeals wrote:

"It is proper to admit a weapon into evidence when the victim testifies that it looks like the one used during the commission of a crime. Any objection to its sufficiency goes to its weight, not its admissibility. *Horn v. State* (1978) [176], Ind.App. [527], 376 N.E.2d 512; *Pullins v. State* (1970), 253 Ind. 644, 256 N.E.2d

553. In *Poindexter v. State* (1978) [268], Ind. [167], 374 N.E.2d 509 our Supreme Court held as follows:

'[T]his Court has held that positive proof of authentication of an object is not necessary for the admission of the object into evidence. *Elliott v. State* (1972), 258 Ind. 92, 279 N.E.2d 207. Any fact which legitimately tends to connect the defendant with a crime is admissible when only a reasonable inference may be deduced from such evidence. *Hill v. State* (1978) [267] Ind. [480], 371 N.E.2d 1303; *Hamp v. State* (1973), 157 Ind.App. 567, 301 N.E.2d 412.' "

178 Ind.App. at 319–20, 382 N.E.2d at 181.

█ In the case at bar, the victim of the crime testified that the gun, a chrome-plated revolver with a white plastic or ivory handle, looked like the one used in the attempted robbery. Police Officer Way testified that State's Exhibit Number 9 was the gun which he had recovered from Defendant's automobile, which matched the description of the vehicle in which the Defendant had departed from the scene of the crime. Further, another police officer testified that he had examined and test fired the gun and that forty-seven (47) attempts had been required to achieve one firing of the gun. He stated further that the weapon made a "clicking" sound when it failed to fire. The victim testified that Defendant had attempted to fire the gun three (3) times during the course of the attempted robbery, but each time only a clicking sound had resulted. These circumstances provide sufficient identification and connection with the Defendant to allow the introduction of the gun into evidence. *See Warriner v. State*, (1982) Ind., 435 N.E.2d 562, 563–564; *Johnson v. State*, (1980) 272 Ind. 547, 550, 400 N.E.2d 132, 133–134.

## ISSUE IV

During the State's examination of the victim, Reith, the following exchange occurred:

"Q. Shortly after this all happened, I take it you discussed this all with the police?

A. Yes, I have.

Q. I would ask you whether part of that police investigation, if you will, wasn't to show you books full of photographs in an attempt to identify the person by name who had done this.

A. Yes.

Q. Did you in fact look through some books of photographs at the police station?

A. Yes.

Defendant objected and moved for a mistrial arguing that the reference to the books of photographs prejudiced him in that one's picture would be in the books only if he had been previously arrested.

█ Defendant relies upon *Fox v. State*, (1980) Ind.App., 399 N.E.2d 827, in which a testifying police officer stated that the victim of the crime had looked through the police "mug files" and that he, the witness, could identify the photograph chosen by the victim from the "mug file" which had been brought into the courtroom and placed in front of the officer. The Court of Appeals stated that in some cases it may be reversible error for the prosecution to refer to police "mug files" or "mug shots." That case, however, is readily distinguishable from the one at bar. Here, the terminology "mug files" or "mug shots" was never used by the State. Reith was asked only if he had looked at "photograph books." The word "photograph" does not connote or suggest a prior criminal record as does "mug shot." *State v. Clanton*, (1982) Ind.App., 441 N.E.2d 44, 45, rehearing denied 443 N.E.2d 1204. It was defense counsel who, during cross-examination, asked Reith if he had looked through some "mug books." Thus, defense counsel invited potential prejudice. Further, Reith did not identify the perpetrator of the crime from the picture files and, while testifying, expressed his belief that Defendant's picture had not been in the array that he viewed. The evidence was inconclusive

as to whether a photograph of Defendant actually had appeared in one of the books at the time Reith looked through them. Finally, the State never attempted to introduce any photograph of Defendant into evidence.

■ Under these circumstances, we fail to see how Defendant was harmed by a reference to "books of photographs at the police station." *See Phillips v. State,* (1977) 174 Ind.App. 570, 575, 369 N.E.2d 434, 437; *Bayer v. State,* (1973) 158 Ind. App. 531, 540, 303 N.E.2d 678, 683–84; *Angel v. State,* (1973) 155 Ind.App. 242, 250, 292 N.E.2d 268, 273. We find no evidence that the reference placed the Defendant in a position of grave peril to which he should not have been subjected or that the prosecutor made a deliberate attempt to prejudice the Defendant. *See White v. State,* (1971) 257 Ind. 64, 77–78, 272 N.E.2d 312, 319–20.

### ISSUE V

We note at the outset our standard of review upon a claim of insufficient evidence:

> "Upon a review for sufficient evidence, this Court will look only to the evidence most favorable to the State and all reasonable inferences to be drawn therefrom. If the existence of each element of the crime charged may be found therefrom, beyond a reasonable doubt, the verdict will not be disturbed. In such a review, we will not weigh conflicting evidence nor will we judge the credibility of the witnesses."
> (citations omitted).

*Loyd v. State,* (1980) 272 Ind. 404, 407, 398 N.E.2d 1260, 1264, *cert. denied,* 449 U.S. 891, 101 S.Ct. 231, 66 L.Ed.2d 105.

■ Defendant argues that the identification of the Defendant and the gun were inadmissible evidence and that the State's case presented only a basis for a suspicion of guilt. However, we have held that the victim's identification of the Defendant as the perpetrator of the crime was not tainted by an impermissibly suggestive pre-trial photographic lineup and that the gun was

properly admitted, (See Issues I and III). Further, Reith unequivocally identified the Defendant, in court, as the person who attempted to rob him. Such identification is sufficient to sustain the conviction. *Clark v. State,* (1982) Ind., 431 N.E.2d 112, 114; *Grimes v. State,* (1980) Ind., 412 N.E.2d 75, 76. Moreover, Defendant's automobile matched the description of the car in which the offender fled the scene of the crime, and a gun matching the description of the one used during the course of the attempted robbery was recovered from his automobile.

We find no reversible error. The judgment of the trial court is affirmed.

GIVAN, C.J., and HUNTER, DEBRULER and PIVARNIK, JJ., concur.