TIMOTHY V. DIPERT *v.* STATE OF INDIANA.

[No. 1071S310. Filed August 29, 1972.]

*Robert W. Miller,* of Elkhart, for appellant.

*Theodore L. Sendak,* Attorney General, *Darrel K. Diamond,* Deputy Attorney General, for appellee.

ARTERBURN, C.J.—This is an appeal from a conviction of first degree murder in which the appellant [a boy, 15 years of age at the time of the offense] was sentenced to life imprisonment.

The facts briefly are that he killed his seven-year-old niece, Shirley Ann Watts, while acting as a babysitter in the home. Dipert covered her head with a sweatshirt, tied her hands behind her, placed a sock in her mouth, took her into the bathroom and shot her with a shotgun.

The appellant pleaded insanity and also filed an answer admitting he committed the act charged, but denied that the acts were carried out with malice and premeditation.

Psychiatrists and doctors were appointed to examine the mental condition of the appellant. Their testimony was given at the trial, as well as that of other witnesses, on the issue of insanity and premeditation. Two doctors presented by the defense testified that the appellant had a mental disease and defect at the time of the commission of the crime. Two other doctors appointed by the court to examine the defendant agreed that the appellant could not appreciate his act or conform his conduct to the requirements of the law. Only one psychiatrist testified that the appellant was sane at the time of the act. Nevertheless, the jury found the defendant guilty as charged.

The appellant makes several assignments of error. We do not intend to resolve each issue presented. We will, however, comment on the issue raised on voir dire. On voir dire examination of the jury, one prospective juror asked what would happen if the defendant were found not guilty by reason of insanity. The Prosecuting Attorney stated that so far as the charge against him was concerned, he would go "scot free." The defendant's attorney imme-

diately objected and asked the court to instruct the jury to disregard the Prosecuting Attorney's remarks and to also instruct the jury as to the statute which requires a hearing to be held following the trial with respect to the defendant's mental condition. IC 1971, 35-5-3-1; *Burns' Ind. Stat. Ann.* § 9-1704 a (1972 Supp.). The court denied the request and failed to instruct the jury to disregard the Prosecuting Attorney's remarks. We note that in view of the scanty evidence as to the sanity of the defendant, the remarks of the Prosecuting Attorney may have had an improper influence on the jurors. Clearly, the juror's question indicated that he was likely to be governed by his independent judgment of whether or not a guilty verdict would be desirable, rather than by the law and the evidence as required. Under the circumstances, the jury should have been instructed that the law provides for further proceedings and alternative dispositions, in the event of a verdict of not guilty by reason of insanity, but that such factors were not the concern of the jury or the court at that time; that the verdict should be based solely upon the law and the evidence presented at the trial; and, that the jury should not consider the ultimate disposition of the case incidental to its verdict. It is only because such a curative attempt was not made by the court that this conduct constitutes reversible error. To restate: Normally, a defendant, interposing a defense of not guilty by reason of temporary insanity, is not entitled to an instruction as to what post-trial procedures are available to determine whether he should be released or subjected to confinement in a mental institution. *See* Annot., 11 A.L.R. 3d 737 (1967). At the same time, however, a defendant, through an appropriate channel, such as a curative instruction or statement by the judge, will be entitled to inform the jury of such procedures where an erroneous view of the law on this subject has been planted in their minds. We hold no more and limit our decision to the facts before us. In light of the existence of other meritorious objections, and for the reason that this case must go back for retrial, we deem

it expedient to dispose of certain claimed errors in order that they will not be repeated on retrial.

The appellant objects to the giving of State's Instruction No. 1 which is as follows:

> "I instruct you that, if verbal statements of the Defendant have been proved in this case, only take them into consideration with all the other facts and circumstances proved. What the proof may show you, if anything, that the Defendant has said against himself *the law presumes* to be true, because against himself." (our emphasis)

This court recently reviewed this instruction in the case of *Pinkerton* v. *State* (1972), 258 Ind. 610, 283 N. E. 2d 376 where Justice Prentice stated:

> "We agree that this instruction is erroneous as vague and contradictory." 258 Ind. at 383.

In the case at bar, the appellant contends that this instruction is contrary to law. We agree. It is not the law that everything a defendant has said against himself is presumed to be true. Our system of jurisprudence allows the jury, as trier of facts, to accept or reject any testimony, including that of the defendant. The law does not require special weight to be given to "against interest statements" by a defendant. The weight to be given any evidence is for the jury to determine.

Instruction No. 1 is also improper because by giving it, the court comments upon the testimony of a witness, in this case, the defendant. A court may not single out a particular witness and comment on his testimony. *Garvin* v. *State* (1970), 255 Ind. 215, 263 N. E. 2d 371.

Instruction No. 3 given by the State, and objected to by the appellant reads as follows:

> "The defense of temporary insanity is one very frequently made in cases of this kind, and is one which, I may say to you, should be very carefully scrutinized by the jury. The evidence to this point should be carefully considered and weighed by the Jury for the reason that if the accused were

in truth insane at the time of the commission of the alleged act, then he ought not to be punished for such act. The evidence on this question of insanity ought to be carefully considered by the Jury for another reason, and that is, because a due regard for the ends of justice and the peace and welfare of society demands it, to the end that parties charged with a crime may not make use of the plea of temporary insanity as a means to defeat the ends of justice, and a shield to protect them from criminal responsibility in case of violation of law."

We hold that this instruction is unduly prejudicial since the court, by its statement, weakens a good faith defense of insanity. *Aszman* v. *State* (1889), 123 Ind. 347, 24 N. E. 123. A trial court may instruct that the question of insanity, or any other issue in a case, should be carefully considered by the jury because a due regard for the ends of justice and the welfare of society demand that parties guilty of a crime be convicted. However, this instruction goes beyond that, and plainly prejudices the use of the defense of insanity. In *Aszman* v. *State, supra,* this court had occasion to reconsider the above instruction, recognizing that it had been approved previously in *Sawyer* v. *State* (1871), 35 Ind. 80; *Sanders* v. *State* (1883), 94 Ind. 147; and *Butler* v. *State* (1884), 97 Ind. 378; but, nevertheless, criticized it, stating:

"It can hardly be said to contain the statement of any proposition of law, but is rather in the nature of a general disparagement of the defense of insanity which the accused had pleaded as provided by statute. A case might possibly arise in which such a statement could be appropriately made by the court. As the judgment in the present case must be reversed for other reasons, we do not determine whether or not it constituted reversible error in this case. It is sufficient to say that as at present constituted, the court does not regard with favor any statements by the trial court which are designed to cast discredit or suspicion upon any defence which is recognized by the law as legitimate, and which an accused person is making in apparent good faith. In this respect we are unable to appreciate any well-grounded distinction between the defence of insanity, self-defense, or alibi." *Aszman, supra,* at 359-60, 24 N. E. at 127.

In our opinion, the damaging feature of this instruction, as we have previously held, is that it treats the defense of insanity as an unusual defense which should be particularly scrutinized because it "is one very frequently made in cases of this kind," and may be used as a "shield to protect them from criminal responsibility in case of violation of law." In the case of *Baker* v. *State* (1920), 190 Ind. 385, 129 N. E. 468, this court again considered the same instruction and attempted to circumvent the disapproving language in *Aszman* v. *State* (1889), 123 Ind. 347, 24 N. E. 123.

We think the better reasoning is found in the language of the *Aszman* case and can find no rational basis for approving such an instruction in view of our more recent statements that the testimony of a defendant or any witness may not be particularized and commented on by the judge. It follows that the particular defense being made may not be singled out, criticized, or commented on beyond a statement of the law applicable thereto.

As stated in *Aszman* v. *State, supra,* this instruction does not contain a statement of the law, but is rather a gratuitous comment of the court upon the character of the defense being made. For the reasons stated, *Baker* v. *State, supra,* is overruled to the extent that it approves of this instruction, and the cases upon which it relied are likewise overruled. We hold that *Aszman* v. *State, supra,* is the better law for the reasons stated.

The judgment of the trial court is reversed with directions to grant a new trial.

All Justices concur.

NOTE.—Reported in 286 N. E. 2d 405.