MARVIN WAYNE HUDDLESTON *v.* STATE OF INDIANA.

[No. 1268S211. Filed May 18, 1973.]

*Mrs. Harriette Bailey Conn,* State Public Defender, for appellant.

*Theodore L. Sendak,* Attorney General, *A. Frank Gleaves, III,* Deputy Attorney General.

GIVAN, J.—Appellant was indicted for the first degree murder of his wife, Betty Jean Huddleston. Appellant entered a plea of not guilty by reason of insanity. Jury trial resulted in a verdict of guilty as charged. Appellant was sentenced to the Indiana State Prison during life.

It is unnecessary for the purposes of this opinion to go into the details surrounding the appellant's killing of his wife.

Appellant claims the trial court erred in giving its Final Instruction No. 13 to the jury, which reads as follows:

"The defense of insanity is one very frequently made in cases of this kind, and is one which should be very carefully scrutinized by the jury. The evidence at this point should be carefully considered and weighed by the jury, for the reason that if the accused were in truth insane at the time of the commission of the alleged acts, then he ought not to be punished for such acts.

"The evidence on this question of insanity ought to be carefully considered by the jury for another reason, and that is, because a due regard for the ends of justice and the peace and welfare of society demands it, to the end that parties charged with crime may not make use of the plea of insanity as a means to defeat the ends of justice, and a shield to protect them from criminal responsibility in case of violation of law."

Subsequent to the filing of this appeal, this Court held that a similar instruction dealing with temporary insanity was reversible error. *Dipert* v. *State* (1972), 259 Ind. 260, 286 N. E. 2d 405, 32 Ind. Dec. 382. In so doing this Court overruled *Baker* v. *State* (1921), 190 Ind. 385, 129 N. E. 468,

and adopted the reasoning of *Aszman* v. *State* (1890), 123 Ind. 347, 24 N. E. 123 wherein the Court made the following statement:

"It can hardly be said to contain the statement of any proposition of law, but is rather in the nature of a general disparagement of the defense of insanity, which the accused had pleaded, as provided by statute. A case might possibly arise in which such a statement could be appropriately made by the court. As the judgment in the present case must be reversed for other reasons, we do not determine whether or not it constituted reversible error in this case. It is sufficient to say that, as at present constituted, the court does not regard with favor any statements by the trial court which are designed to cast discredit or suspicion upon any defense which is recognized by the law as legitimate, and which an accused person is making in apparent good faith. In this respect, we are unable to appreciate any well-grounded distinction between the defense of insanity, self-defense, or alibi. *Aszman, supra*, 123 Ind. at 359-360, 24 N. E. at 127," as quoted in *Dipert, supra*, at page 408.

We, therefore, hold it was reversible error for the trial court to give the above quoted instruction.

Because this case must be re-tried and because the same question probably will again arise, we also pass on appellant's contention that the trial court erred in allowing a lay witness for the State to testify as to his opinion of appellant's sanity. Appellant acknowledges that a lay witness may state an opinion as to sanity if sufficient facts are stated. *Cockrum* v. *State* (1968), 250 Ind. 366, 234 N. E. 2d 479, 13 Ind. Dec. 288. He argues, however, that no factual basis had been stated. An examination of the record, however, reveals that the witness Delvie Masterson testified that he was safety superintendent for the Wanatah Trucking Company, Inc.; that he had interviewed the appellant when he made application for employment; that appellant was employed by the trucking company and worked under Masterson where he was observed over a period of time on a day to day basis.

We hold that there was sufficient factual basis to warrant the trial court's ruling allowing Masterson to testify as to appellant's sanity.

We, therefore, hold the trial court did not err in allowing the testimony of Masterson. We do, however, reverse because of error in giving to the jury Instruction No. 13.

The cause is reversed and re-trial ordered.

Arterburn, C.J., DeBruler, Hunter and Prentice, JJ., concur.

NOTE.—Reported in 295 N. E. 2d 812.