JAMES HAMP v. STATE OF INDIANA.

[No. 1-473A63. Filed September 18, 1973.]

568

*Malcolm G. Montgomery,* of Evansville, for appellant.

*Theodore L. Sendak,* Attorney General, *Robert F. Colker,* Assistant Attorney General, for appellee.

LOWDERMILK, J.—Defendant-appellant was convicted of the crime of jailbreaking pursuant to IC 35-21-8-1, Ind. Ann. Stat. § 10-1809 (Burns 1956 Replacement), as charged in the

affidavit. Trial was had to a jury after appellant's plea of not guilty, which was subsequently changed to not guilty by reason of insanity.

The facts, briefly, are that appellant was present in the Vanderburgh County Jail on the night of December 25, 1971, and participated in a jailbreak during which 15 of some 43 prisoners escaped. The evidence disclosed that the deputy in charge of the jail was subjected to force and his life was threatened.

Appellant timely filed his motion to correct errors, which was overruled by the court and this appeal was perfected.

Appellant's first contention, as raised by specifications 1 and 2 of his motion to correct errors, is that the evidence is not sufficient to prove beyond a reasonable doubt all of the necessary elements of the offense charged.

Appellant contends that the first element of the offense requires that the defendant must have been lawfully confined in the jail or prison and that this element was not established by sufficient evidence.[1]

---

1. This court handed down its opinion on the 15th day of August, 1973, reversing this cause and remanding for a new trial, for the reason there was no evidence in the record that the defendant-appellant was lawfully confined in the jail. Copies of the opinion were forwarded to the trial judge and respective counsel and, apparently on the day copies were received, appellant's counsel communicated with this court by telephone and said that an error had been committed and that there had been a stipulation of the parties that the defendant-appellant was being lawfully detained in the Vanderburgh County Jail prior to the time of the alleged escape. The stipulation had been agreed upon at the request of appellant, as he feared that the jury might be prejudiced if it learned of the charge for which appellant was lawfully incarcerated. This stipulation was read to the jury.

Thereafter, counsel for the State filed a petition for rehearing, together with petition for writ of certiorari to correct the record in this court. Certiorari was granted and the stipulation between the parties that defendant-appellant was lawfully detained in the Vanderburgh County Jail prior to the alleged escape was made a part of the transcript and record filed in this court.

This court withdrew its opinion and notified the West Publishing Company, Bobbs-Merrill Company, and the Court Reporter of this fact and requested that the opinion be not published.

Justice DeBruler in *Utley* v. *State* (1972), 258 Ind. 443, 281 N.E.2d 888, 891, discussed jailbreaking as follows:

"Under § 10-1809, the appellee had the burden of proving that: (1) appellant had been lawfully confined in a jail or prison, (2) while under such lawful detention, (3) appellant escaped from the custody of the officer lawfully in charge of such person."

And Judge Robertson of this court, in the case of *Gulley* v. *State* (1973), 156 Ind. App. 15, 294 N.E.2d 630, stated as follows:

". . . A material element of the offense of jailbreaking is that the defendant be 'lawfully confined . . . at the time of such escape.' IC 35-21-8-1, Ind. Ann. Stat. § 10-1809 (Burns 1972 Suppl.). Thus it is incumbent upon the State in a jailbreaking prosecution to prove that the defendant was in lawful confinement. . . ."

The parties having stipulated defendant-appellant was lawfully detained in the Vanderburgh County Jail at the date and time in question and the evidence most favorable to the State being that he escaped the jail with 14 other prisoners during a jailbreak, is sufficient to prove his guilt of the offense charged beyond a reasonable doubt.

Specification 3 of the motion to correct errors is that the court erred in permitting the State to introduce into evidence State's Exhibit 1, a Chinese checker board, in that it was irrelevant, immaterial and highly prejudicial to the defendant.

The evidence was that the officer who was then testifying had purchased Chinese checkers and other games for inmates to help them pass the time. The checker board was metal and some prisoner had fashioned a knife from the metal, which knife was used in the jailbreak.

The exhibit offered was the same type of Chinese checker board which was put in defendant-appellant's cell prior to December 25, 1971, as well as the cells of all other inmates

at the same time. Counsel for the appellant stated his objection for the reason it was irrelevant and immaterial and highly prejudicial. The objection was overruled, the exhibit admitted and exhibited to the jury and inspected by each of the jurors.

This evidence standing alone, would not be sufficient to sustain a conviction. This evidence is cumulative on behalf of the State of Indiana in proving a material fact ██ and is, therefore, admissible. Any fact which legitimately tends to connect the defendant with a crime is admissible. *Elliott* v. *State* (1972), 258 Ind. 92, 279 N.E. 2d 207; *Thomas* v. *State* (1968), 251 Ind. 76, 238 N.E.2d 20; *McPhearson* v. *State* (1969), 253 Ind. 254, 253 N.E.2d 226; and any evidence tending to prove a material fact is admissible, even though its tendency in that direction may be exceedingly slight.

Defendant-appellant next argues specification 7 of his motion to correct errors, which is to the effect that the court erred in giving to the jury State's Instruction No. 5 to which defendant-appellant timely objected in writing. State's Instruction No. 5 is as follows, to-wit:

"The Court instructs you that the question of insanity should be carefully considered by the Jury because a due regard for the ends of justice and the welfare of society demand that a party guilty of a crime be convicted."

Defendant-appellant's objection is as follows, to-wit:

"The Defendant, James Hamp, would object to State's Instruction No. 5 for the following reasons: No. 1, that it is highly prejudicial and it makes a mockery of the defendant's plea of insanity; No. 2, it does not properly state the law in the State of Indiana; and No. 3 it invades the province of the Jury."

Defendant-appellant entered a special plea of insanity. There was a conflict in the evidence as to whether defendant-appellant was sane or insane at the time of the commission

of the jailbreak. The defendant-appellant was entiled to instructions on insanity and such instructions were given. The jury was entitled to consider the question of defendant-appellant's sanity.

Chief Justice Arterburn, in the case of *Dipert* v. *State* (1972), 259 Ind. 260, 286 N.E.2d 405, 407, 408, in discussing this same issue and considering an erroneous instruction on insanity which weakened the special defense of insanity, said:

"... A trial court may instruct that the question of insanity, or any other issue in a case, should be carefully considered by the jury because a due regard for the ends of justice and the welfare of society demand that parties guilty of a crime be convicted. ..."

The instruction in the case at bar was almost a direct quote from the law on this subject as so succinctly set out by Chief Justice Arterburn in the *Dipert* case, *supra*.

We therefore hold that defendant-appellant's objection to said instruction was not well taken; that the instruction stated the law and was correct.

Defendant-appellant has failed to argue in his brief specifications 4, 5 and 6 of his motion to correct errors and the same are therefore considered waived. (Rule AP. 8.3 (A) (7)).

Judgment affirmed.

Robertson, P.J. and Lybrook, J., concur.

## ORDER

The Court having heretofore on August 15, 1973, handed down its opinion reversing the trial court's judgment in this cause, and it later appearing that the record on which this decision was based was incorrect, and the record having thereafter been corrected by certiorari, the Court now finds that its earlier opinion should be withdrawn and expunged

from the records of this Court, and be replaced by the opinion handed down with this Order.

IT IS THEREFORE ORDERED:

1. The earlier opinion in this cause heretofore handed down on August 15, 1973, is now recalled and held for naught, and the Clerk of this Court is ordered to expunge the same from his records;

2. The opinion handed down this date with this Order shall be, and is, the opiinon of the Court in this cause.

ORDERED, this 18th day of September, 1973.

GEORGE B. HOFFMAN, JR.,
CHIEF JUDGE

NOTE.—Reported at 301 N.E.2d 412.