**Walter A. BLAKE, Appellant (Defendant below),**

v.

**STATE of Indiana, Appellee (Plaintiff below).**

No. 878S163.

Supreme Court of Indiana.

May 30, 1979.

Rehearing Denied Aug. 20, 1979.

Mark Peden, Foley, Foley & Peden, Martinsville, for appellant.

Theodore L. Sendak, Atty. Gen. of Indiana, Robert J. Black, Deputy Atty. Gen., Indianapolis, for appellee.

HUNTER, Justice.

The defendant, Walter A. Blake, was convicted by a jury of kidnapping, Ind.Code § 35–1–55–1 (Burns 1975), sodomy, Ind. Code § 35–1–89–1 (Burns 1975), and assault and battery with intent to gratify sexual desires, Ind.Code § 35–1–54–4 (Burns 1975), and sentenced to life imprisonment, two to fourteen years with a fine of $1,000 and costs, and two to twenty-one years respectively. In a consolidated case involving a second victim, defendant was convicted of kidnapping and assault and battery with intent to gratify sexual desires and sentenced to life imprisonment and one to five years respectively. He now appeals raising the following issues:

1. Whether the evidence was sufficient to sustain the conviction for kidnapping;

2. Whether the trial court erred in allowing testimony as to what defendant said during a telephone conversation while defendant was in the Morgan County Jail;

3. Whether the trial court erred in not giving a curative instruction on the testimony of Dr. Gaines;

4. Whether the trial court erred in determining that defendant was competent to stand trial;

5. Whether the evidence was sufficient to sustain the jury's finding that defendant was sane during the commission of the crimes;

6. Whether the trial court erred in allowing the testimony of a deputy sheriff as to defendant's sanity;

7. Whether the testimony of the victims was perjury and therefore erroneously admitted into evidence; and

8. Whether the trial court erred in denying defendant's second belated motion to correct errors.

The evidence from the record most favorably to the state indicates that the victims, Robert, age 13, and Jerry, age 11, first met defendant on the day of the crimes, August 27, 1977, while riding bicycles at Meridian Street Trails in Indianapolis. Defendant identified himself as "Cooper" and gave them beer.

Defendant talked about procuring girls for sex. He gave the victims a ride in his truck and told them he would "get a girl" for them. The victims voluntarily went with defendant and did not object to going to Martinsville to pick up defendant's niece.

Defendant stopped his truck and told the boys to lock the doors. Defendant struck both victims in the head. He fondled their penises and made them touch his. He forced Robert to kiss him.

Jerry then escaped and ran for help. The police were summoned.

Defendant drove on farther and resumed fondling Robert forcing him to perform fellatio.

Robert later escaped. Police apprehended defendant after he disposed of the victim's bicycles. He told the police he was coming from his brother's house.

I.

Defendant's first assignment of error is that the evidence is not sufficient to sustain a conviction for kidnapping. Ind.Code § 35–1–55–1 (Burns 1975) reads:

"Whoever kidnaps or forcibly or fraudulently carries off or decoys from any place within this state, or arrests or imprisons any person, with the intention of having such person carried away from any place within this state, unless it be in

pursuance of the laws of this state or of the United States, is guilty of kidnapping, and, on conviction, shall be imprisoned in the state prison during life."

■ Defendant argues that the victims here voluntarily and knowingly accompanied defendant to their destination near Martinsville. Defendant appears to suggest that a person cannot be kidnapped if he knows where he is being taken. However, the kidnapping statute contains no geographical destination limitation on the fraud and decoy provisions.

Defendant points out that previous "decoy" cases involve deception as to where the victim was being taken. In *Bowen v. State*, (1975) 263 Ind. 558, 334 N.E.2d 691, two sodomy victims were lured into the defendant's vehicle through an offer to pay them to help deliver newspapers; they did not know their destination. The Court held that the offer was a ruse, and the law regards the victim's transportation under such circumstances as illicit. However, the offer dealt only with the purpose of the transportation and not the destination. In *Shipman v. State*, (1962) 243 Ind. 245, 183 N.E.2d 823, the defendant decoyed a seven year old by misrepresenting their destination. While the Court held that misrepresentation of destination is sufficient to sustain a charge of kidnapping, it did not say that such misrepresentation is a necessary element of the offense.

Defendant relies in particular upon the case of *Eberling v. State*, (1894) 136 Ind. 117, 35 N.E. 1023, where this Court reversed a kidnapping conviction because the evidence showed that the alleged victim was not decoyed from any place. In that case, however, the victim was not only aware of her destination, but apparently was aware of defendant's intention to have intercourse with her and she freely consented to that act.

This Court is not persuaded by defendant's argument that a person is not kidnapped if only the purpose of his being carried off has been misrepresented to him. The language of the statute is broad enough to prohibit decoying by any means.

■ The evidence in this case shows that the boys were decoyed from a place within this state, and the jury was so persuaded. Furthermore, Robert was forcibly kidnapped after Jerry's escape. The kidnapping conviction is sustained by the evidence.

II.

■ Defendant next argues that the trial court erred in admitting "eavesdrop" testimony. A state police trooper overheard a telephone conversation defendant had while in jail. The trooper testified as to what he heard defendant say. Defendant had already been advised of his rights and indicated he did not wish to make a statement.

This statement by defendant was not a result of interrogation and was apparently made with knowledge of the trooper's presence. However, the statement, a mere recitation of why the police were detaining defendant and a request for a lawyer, could not have prejudiced defendant. There is no reversible error here.

III.

■ Defendant claims that the trial court erred in not giving a curative instruction on the testimony of defendant's psychologist witness, Dr. Gaines, on cross-examination. The testimony in question was as follows:

Q. "All right, Doctor, we'll move on to another area. What—what would happen if Walter Blake, in your opinion were released right now?"

A. "He would be in the same kind of difficulty within a relatively short period of time, I would say certainly within a matter of a few years if not considerably sooner."

Q. "Okay, Doctor, in your opinion, what's the likelihood of successful treatment of Walter Blake?"

A. "Essentially zero."

Defendant argues that this testimony was improper and the trial court should have given defendant's tendered curative instruction. Defendant cites the case of

*Dipert v. State,* (1972) 259 Ind. 260, 286 N.E.2d 405. In that case, during voir dire, a juror asked the prosecutor what would happen to the defendant if he were found not guilty by reason of insanity. The prosecutor answered that he would probably go "scot free." The Supreme Court held that this constituted prosecutorial misconduct and ordered a new trial.

The psychologist's response, however, was not a comment upon the ultimate disposition of the case in the event of a not guilty by reason of insanity verdict. Rather, the question asked what Walter Blake would do if released, a question relevant to Blake's sanity. In fact, Dr. Gaines testified that defendant was insane at the time of the offense, and his testimony on cross-examination supports that position.

This Court does not believe that the jury's attention was in any way diverted from the law and evidence presented at trial by Dr. Gaines's comments. The testimony was not admitted in error and, therefore, the defendant was not entitled to a curative instruction.

### IV.

█ Defendant contends that the trial court erred in finding the defendant competent to stand trial.

"The test of competence to stand trial is whether defendant has 'sufficient present ability to consult [with] his lawyer with a reasonable degree of rational understanding—and whether he has a rational as well as a factual understanding of the proceedings against him.'" *Johnson v. State,* (1974) 262 Ind. 516, 520, 319 N.E.2d 126, 128; *Dusky v. U. S.,* (1960) 362 U.S. 402, 402, 80 S.Ct. 788, 789, 4 L.Ed.2d 824, 825.

Two of three expert witnesses testified at trial that the defendant was competent to stand trial. Therefore, the trial court had ample basis for its finding of competency.

### V.

█ Defendant alleges that the evidence of defendant's sanity at the time of the crime was insufficient. Where the trier of fact finds a defendant sane, an appellate court looks only to the evidence most favorable to the state when reviewing such a verdict. *Young v. State,* (1977) 266 Ind. 557, 364 N.E.2d 1180. We find substantial evidence in the record to support the finding of the jury.

### VI.

█ This Court finds no merit to defendant's contention that the trial court erred in allowing the testimony of a police officer on the issue of insanity. Defendant claims that the officer had only five to seven minutes in which to formulate an opinion. However, such facts go only to the weight to be given the testimony and not its admissibility. This Court has held "that it is sufficient for the layman to state that he saw and spoke upon one occasion with the person concerning whose sanity he is giving an opinion." *Baum v. State,* (1976) 264 Ind. 421, 425, 345 N.E.2d 831, 834.

### VII.

█ The defendant claims that his conviction is fatally grounded upon testimony known to be perjured. There are discrepancies in the testimony of Robert and Jerry. Inconsistent testimony is not necessarily perjured testimony. Such inconsistency can be attributed to many factors such as confusion or fear rather than an effort to mislead the jury. Corroboration of the boys' testimony indicates that there was no perjury.

### VIII.

█ Defendant claims that the trial court erred in denying his second belated motion to correct errors. The trial court granted permission to file one belated motion to correct errors in July of 1978. This belated motion was filed on August 16, 1978. The second petition came merely six weeks later. From the record it is apparent that the failure to file a timely and complete motion can be attributed to nothing other than defendant's own lack of dili-

gence. The trial court committed no error here.

For all the foregoing reasons there was no trial court error and the judgment of the trial court should be affirmed.

Judgment affirmed.

GIVAN, C. J., and DeBRULER, PRENTICE and PIVARNIK, JJ., concur.