Earnest **FINCH**, Appellant
(Defendant below),

v.

**STATE of Indiana**, Appellee
(Plaintiff below).

No. 1182 S 443.

Supreme Court of Indiana.

March 1, 1984.

Nathaniel Ruff, Merrillville, for appellant.

Linley E. Pearson, Atty. Gen., Kathleen Ransom Radford, Deputy Atty. Gen., Indianapolis, for appellee.

HUNTER, Justice.

The defendant, Earnest Finch, was convicted by a jury of felony murder, Ind.Code § 35–42–1–1(2) (Burns 1979 Repl.), and robbery, a Class A felony, Ind.Code § 35–42–5–1 (Burns 1983 Supp.) and was sentenced to the Indiana Department of Correction for concurrent terms of thirty years and twenty years respectively. He now argues that the trial court committed reversible error and abused its discretion in allowing photographs of the decedent to be admitted because their prejudicial effect outweighed their probative value.

A brief summary of the facts from the record necessary for the consideration of this issue shows that on the evening of July 29, 1981, Eliseo Velez was making a call in a telephone booth when two men came up behind him and robbed him. Velez's brother, Alphonso, and two other men were at a liquor store across the street. When they saw what was happening, they ran up to help Eliseo. Defendant's accomplice shot Alphonso in the neck, fatally wounding him. Defendant was found hiding in a grassy, wooded area approximately a block and a half away and was arrested by the police.

Defendant points out that neither the identity of the victim nor the cause of death was disputed at the trial. He argues that there was therefore no probative value to the state's exhibit No. 3 which consisted of two photographs of the decedent. One photograph is a full length picture of the decedent lying on a hospital-type cart and the other is a close-up photograph of the fatal wound. Defendant objected to the admission of this exhibit during the trial but his objection was overruled and the photographs were admitted into evidence. Defendant contends that the photographs served no purpose except to inflame the minds of the jury and prejudice them against him.

It is well settled that the admission of photographs into evidence is within the sound discretion of the trial court and reversal will be granted only upon a showing of abuse of that discretion. The fact that photographs are of a gruesome nature is not sufficient ground in itself to justify their exclusion as long as the evidence is material and relevant. Relevancy of a photograph is determined by an inquiry as to whether a witness would be permitted to describe the objects or scenes in the photograph. *Harden v. State,* (1982) Ind., 441 N.E.2d 215; *Clemons v. State,* (1981) Ind., 424 N.E.2d 113; *Rogers v. State,* (1979) 270 Ind. 189, 383 N.E.2d 1035.

It is clear that the state was required to prove the *corpus delicti* of the instant crime by proving in some manner that there actually was a decedent and the

nature of the fatal wounds. *Harden v. State*, 441 N.E.2d at 218. The pathologist who performed the autopsy identified the photographs in this case as showing the decedent, Alphonso Velez, and the fatal wound to the neck. The two photographs were therefore relevant to the issues and were not unduly gruesome.

■ The prejudicial effect of the photographs, if it existed at all, could be due to their gruesomeness or their cumulative nature. However, prejudice does not automatically accrue to a defendant merely because photographs are cumulative or gruesome. *Stewart v. State*, (1982) Ind., 442 N.E.2d 1026; *Rowan v. State*, (1982) Ind., 431 N.E.2d 805. We have clearly stated our standard for the admissibility of photographs in the following manner: "Such exhibits are admissible if relevant and their relevance is not outweighed by their tendency to inflame and impassion the jury against the defense." *Webster v. State*, (1981) Ind., 426 N.E.2d 1295, 1297.

Although the identity of the victim was not a contested issue in this case, the photographs were nevertheless relevant. Any prejudicial effect was not significant as the two photographs were not unduly gruesome or cumulative and any prejudice was outweighed by their relevant character. The trial court did not abuse its discretion by admitting the photographs into evidence.

For all of the foregoing reasons, there was no trial court error and the judgment of the trial court should be affirmed.

Judgment affirmed.

GIVAN, C.J., and DeBRULER, PRENTICE and PIVARNIK, JJ., concur.