Harlan R. MILLER, Appellant,

v.

STATE of Indiana, Appellee.

No. 87S00–8601–CR–76.

Supreme Court of Indiana.

Feb. 3, 1988.

Rehearing Denied April 26, 1988.

Dennis Brinkmeyer, Evansville, for appellant.

Linley E. Pearson, Atty. Gen., Michael Gene Worden, Deputy Atty. Gen., Indianapolis, for appellee.

GIVAN, Justice.

A jury trial resulted in a conviction of appellant for Murder for which he received a sentence of life imprisonment.

The facts are: On June 1, 1977, appellant shot and killed Oscar Evans at the Yankeetown Docks Corporation in Warrick County,· Indiana, where both of them worked. Appellant apparently entertained the idea that the decedent was having an affair with his wife which led to the shooting.

Following the shooting, appellant immediately turned himself into the Warrick County jail where, after being read his *Miranda* rights, he stated that he had shot Evans and the gun he used was in the front seat of his car parked in front of the jail. However, when appellant was presented with a *Miranda* waiver form, he refused to sign it.

Appellant was charged with murder; however, the trial court found that he was mentally incapable of defending himself. Therefore he was committed to the Department of Mental Health. On November 30 of the same year (1977), the Department of Mental Health certified appellant as competent to aid in his defense and to understand the nature of the criminal action against him. He was ordered back to the Warrick County jail for trial. However, on March 9, 1978, appellant again was found not competent to participate in his defense and was once more committed to the Department of Mental Health. On October 10, 1978, appellant was returned to the Warrick Circuit Court for a hearing. After the hearing, the court again found that he was incompetent to stand trial and he was recommitted to the Department of Mental Health.

On September 17, 1984, the hospital informed the court that appellant had obtained competence to stand trial. The court ruled that appellant was .in fact competent to stand trial. The trial commenced on July 22, 1985. At trial, appellant invoked the defense of insanity at the time of the commission of the offense. Many witnesses, including laymen, police officers, and doctors, testified that appellant appeared to be sane and to understand the consequences of his acts at the time Evans was killed.

On the other hand, several laymen and doctors testified that in their opinion appellant was not accountable for his actions at the time Evans was killed. The doctors so testifying stated that in their opinion appellant was a paranoid schizophrenic and unable to control his actions.

■ Appellant claims the trial court erred in admitting photographs of the decedent's body showing the wounds inflicted thereon. He points out that he had entered into a stipulation with the State that he did in fact kill Oscar Evans by shooting him with a pistol loaded with gunpowder and bullets. Thus he claims it became unnecessary to show photographs of the decedent's body. He contends the sole purpose for the State doing so was to inflame and prejudice the jury.

Appellant states that he is not basing his reason for exclusion of the exhibits on their gruesome nature as was done in *Kiefer v. State* (1958), 239 Ind. 103, 153 N.E.2d 899. Whether or not to admit photographs of this nature is largely within the sound discretion of the trial judge. *Finch v. State* (1984), Ind., 459 N.E.2d 1184. Even though appellant had stipulated that he in fact had killed the decedent, there was nevertheless the question of the nature of the attack

which included evidence that after the decedent had fallen to the floor as a result of the first shots, appellant walked up to him, placed the gun against his head and fired again. We see no abuse of discretion on the part of the trial judge in allowing the photographs in evidence even though the *corpus delicti* had been established by the stipulation. *See Wagner v. State* (1985), Ind., 474 N.E.2d 476.

Appellant claims the trial court erred in admitting State's Exhibit No. 25 which is a transcript of a hearing before the United States Department of Labor, Office of Administrative Law Judges. Appellant had filed a claim for black lung benefits. The transcript was introduced by the State to demonstrate appellant's ability to function, including personal testimony at such a hearing. Appellant claims the admission of the document is violative of his constitutional right to remain silent and not to be required to submit evidence against himself.

He further claims that he was denied the right to cross-examine the attorney who represented him at the hearing or the attorney who represented the respondent. However, as pointed out by the State, neither attorney testified at the hearing thus there was no statement by them concerning appellant's abilities for which they could have been cross-examined. The witnesses who testified were appellant and his daughter.

■ We would further point out that when appellant invoked the defense of insanity he opened up his conduct for examination. *Lock v. State* (1980), 273 Ind. 315, 403 N.E.2d 1360. Evidence which might otherwise be inadmissible becomes admissible when there is a question of sanity. *Coble v. State* (1985), Ind., 476 N.E.2d 102. All evidence, remote as it may be, having a logical reference to appellant's sanity is admissible on that issue. *Lock, supra.* The remoteness in time and the difference in the factual settings are all matters to be weighed by the jury. The trial court did not err in admitting the evidence.

■ Appellant claims there is insufficient evidence to establish his guilt in that

in his view there was "overwhelming evidence established that the appellant suffered from a severe mental illness which distorted his ability to understand right or wrong or appreciate the wrongfulness of his conduct." However, as pointed out above, both lay and medical witnesses testified for the State that, in their opinion, appellant was able to comprehend right from wrong at the time he killed Evans. On the other hand, several lay and medical witnesses testified to the contrary on behalf of appellant. Thus the question was squarely put before the jury.

When there is substantial evidence of probative value to support the conviction, this Court will not disturb the finding of the trial court. *Coonan v. State* (1978), 269 Ind. 578, 382 N.E.2d 157, *cert. denied.* (1979), 440 U.S. 984, 99 S.Ct. 1798, 60 L.Ed. 2d 246. The jury was entitled to consider both lay and expert testimony in determining appellant's mental capacity at the time the crime was committed. *Taylor v. State* (1982), Ind., 440 N.E.2d 1109. There is ample evidence in this record to support the verdict of the jury.

■ Appellant claims the trial court erred in refusing to give his Tendered Instruction No. 3. The tendered instruction sought to inform the jury as to the procedure which would be followed if appellant was found to be not guilty by reason of insanity. He claims the instruction should have been read to the jury for the reason that the prosecuting attorney in cross-examining one of the psychiatrists concerning the issue of insanity asked the question, "Is Harlan Miller a dangerous individual?", to which the doctor replied that he was considered to be a dangerous person. Appellant thus reasons that the jury could only assume that if appellant were released from custody he would still pose a threat to society.

To support his position, appellant cites *Dipert v. State* (1972), 259 Ind. 260, 286 N.E.2d 405. In that case, this Court reversed the conviction based on the court's failure to instruct the jury as to the procedure to be followed after trial upon a ver-

dict of not guilty by reason of insanity. However, in the *Dipert* case during jury *voir dire*, a prospective juror asked the prosecutor what would happen if the defendant was found not guilty by reason of insanity, to which the prosecutor replied that he would "go scot free." *Id.* at 261, 286 N.E.2d at 406. This Court reversed, holding that the prosecutor's remark was inaccurate and that it could have had an improper influence on the jury.

In the case at bar, there was no comment as to what would happen in the future. The doctor responded as to the state of appellant's mental health. An almost identical situation occurred in the case of *Blake v. State* (1979), 271 Ind. 75, 390 N.E.2d 158. In that case, a doctor responded to the question as to what would happen if the defendant were released immediately, to which the doctor responded he would be in some kind of difficulty within a relatively short period of time.

In that case, the appellant cited *Dipert, supra*, as appellant has done in this case. The court pointed out that the doctor's response was not a comment upon the ultimate disposition of the case. It was a question relevant to Blake's sanity. The Court went on to say:

> "This Court does not believe that the jury's attention was in any way diverted from the law and evidence presented at trial by Doctor Gaines's comments. The testimony was not admitted in error and, therefore, the defendant was not entitled to a curative instruction." *Blake, supra* at 80, 390 N.E.2d at 162.

We take the same position in the case at bar. We hold no error was committed by refusing to give appellant's Tendered Instruction No. 3.

■ Appellant claims the trial court erred in admitting State's Exhibit No. 16 which was the *Miranda* waiver of rights form which appellant refused to sign and in fact wrote the word "refused" across the face of the instrument. Had appellant been defending on the proposition that he was not the person who had committed the homicide, the introduction of this exhibit would have been highly questionable. *See*

*U.S. v. Kroslack* (7th Cir.1970), 426 F.2d 1129.

However, in the case at bar, appellant had stipulated that he did in fact kill Evans and was defending solely on the proposition of lack of mental capacity. Thus the only issue before the jury was appellant's mental condition at the time of the offense. The State argues the exhibit was admissible for this very purpose, that is to show that appellant was *compos mentis* enough on the day of the shooting to sign a waiver form. Be that as it may, if we assume appellant's argument is correct and that it was error to introduce the exhibit into evidence we perceive no harm was done.

On the other hand, the State correctly argues that when appellant invoked the defense of insanity he opened the door to all of his actions as above pointed out in this opinion. This would of course include his reaction to the presentation by the police of the waiver form. We see no reversible error in the admission of State's Exhibit No. 16.

The trial court is affirmed.

SHEPARD, C.J., and DeBRULER, PIVARNIK and DICKSON, JJ., concur.