Terry SHEPHERD, Appellant,

v.

STATE of Indiana, Appellee.

No. 71S00–8805–CR–472.

Supreme Court of Indiana.

Dec. 18, 1989.

Charles W. Lahey, South Bend, for appellant.

Linley E. Pearson, Atty. Gen., Jane A. Morrison, Deputy Atty. Gen., Indianapolis, for appellee.

GIVAN, Justice.

A jury trial resulted in a finding of guilty of Murder but mentally ill. Appellant was sentenced to a period of fifty (50) years.

The facts are: On February 17, 1987, co-workers of Serena Sholty became concerned because she had not shown up for work. John Sholty, Serena's son, found her body in the basement of her home.

The fifteen-year-old appellant lived with his mother and her boyfriend, William Sholty, also a son of the victim. In their investigation of the homicide, police questioned appellant while his mother was present. During the interview, Sergeant Whippo noticed that the pattern on the bottom of appellant's tennis shoe matched the bloody footprints found at the scene of the crime. He also noticed a red substance on one of

the shoestrings. He asked appellant if they could examine his shoes more closely and he said yes but that he needed them for a wrestling match that night and that they could have them the next day.

The next day, appellant's grandfather brought the shoes to the police station. The soles and sides of the shoes had been freshly cut up. Sergeant Whippo testified that the cuts had not been present the previous day when he had looked at the shoes.

Police questioned appellant again after he had conferred with his mother and had signed a waiver-of-rights form. He told police he stabbed the victim in the back and chest, dragged her down the basement steps, and put her in a closet. He stated that he obtained the knife from the kitchen and stabbed her because he was thinking about how he was being treated by her son, William. Police found the murder weapon under the victim's kitchen sink, where appellant told them to look.

Appellant argues the trial court improperly excluded a certain identifiable group from the panel of prospective jurors by choosing jurors on the basis of householder status. The ages of the jurors ranged from 19 to 64, the average being 46. Appellant believes the trial court systematically and arbitrarily removed from the venire the class of persons of youthful age.

■ At the time of appellant's trial, Ind. Code § 33-4-5-7 stated that to be qualified as a juror, a person must be a resident voter of the county as well as a freeholder or householder, or the spouse of a householder. In appellant's case, the record shows that the prospective jurors were excused because they were living at home with their parents. We held in *Newman v. State* (1985), Ind., 485 N.E.2d 58 that prospective jurors who resided in the home of their parents do not qualify as "householders" under the statute and were properly excused. We find no abuse of discretion.

Appellant contends he was denied a fair trial because the trial court allowed the admission of testimony concerning his prior bad acts. Witnesses testified that appellant was dishonest, that one year before the murder he said he was going to steal from the victim, that he had admitted stealing from the victim four or five years prior to the murder, that appellant had stolen money from another victim's purse a year prior to the murder, that appellant had stolen a roll of quarters and other items from a third victim, and that he had mistreated a dog. Additionally, testimony was adduced that appellant had attacked a football coach and threatened a youth care worker. Appellant claims the jury was prejudiced by this testimony.

■ Appellant raised the defense of insanity. A plea of insanity opens the door for the admission of testimony about the defendant's entire life. *Lock v. State* (1980), 273 Ind. 315, 403 N.E.2d 1360. Evidence which might otherwise be inadmissible becomes admissible when there is a question as to the accused's sanity. Any evidence, remote though it may be, which has a logical relevance to the defendant's sanity, is admissible on that issue. The remoteness in time and the difference in the factual settings are all matters to be weighed by the jury. *Miller v. State* (1988), Ind., 518 N.E.2d 794. We find the evidence was properly admitted.

Appellant argues the trial court erroneously admitted photographs and a videotape depicting the crime scene and the victim's body. Appellant believes that because he conceded at trial that he murdered the victim and the only issue which remained was his defense of insanity, the photographs were irrelevant and admitted only to inflame the passions of the jury.

■ When the defense of insanity has been raised, the State continues to bear the burden of proving that the killing was knowingly or intentionally carried out. *Christopher v. State* (1987), Ind., 511 N.E.2d 1019. Photographs of a victim's corpse in a homicide case are relevant to prove the identity of the victim and as an aid to understanding the pathologist's findings on the cause of death. Also, photographs showing the victim in his or her natural state following death are relevant and admissible. *Dickson v. State* (1988),

Ind., 520 N.E.2d 101. Photographs of a crime scene are generally admissible because they are competent and relevant aids by which a jury can orient itself to best understand the evidence presented. *Hubbard v. State* (1987), Ind., 514 N.E.2d 1263.

The record shows the trial court found that, although the photographs were not pleasant, they could be used to show the nature of the wounds. He further held they were relevant, not cumulative, and their probative value outweighed their prejudicial effect. The videotape of the victim's home was admitted on the basis that it would help the jury orient themselves to the scene of the crime and to relevant objects and rooms in the victim's home. Police testified that the photographic evidence accurately represented the crime scene and the victim. We find the photographs were relevant to the nature of appellant's attack upon the victim and were properly admitted. *Miller, supra.*

Appellant argues that Ind.Code § 35–36–2–3, which provides for the verdict of guilty but mentally ill, is unconstitutional and misleading. He asserts that because the jury feels that the verdict will result in psychiatric treatment for the defendant, while in fact he may be treated no differently than if he had been found guilty, the verdict is a "wolf in sheep's clothing." He concludes that he was denied the equal protection guarantees of the Fourteenth Amendment because, unlike himself, defendants of sound mind are not subjected to a misleading verdict form.

▌ This Court previously has determined that the statute violates neither a defendant's due process rights nor equal protection under the law. *Green v. State* (1984), Ind., 469 N.E.2d 1169. In appellant's case, the jury was informed that in every case, the question of punishment is a matter solely for the court, and not a consideration of the jury. Also, after a juror expressed concern that if they accepted appellant's insanity defense he might go free, the trial court properly stated that in the event appellant were found to be insane, there exists a wide range of possible consequences from which the trial court,

and not the jury, would choose. We find no error.

▌ Appellant argues the trial court improperly enhanced his sentence. He states that the trial court failed to consider relevant mitigating circumstances and that improper aggravating factors were considered, such as the victim's age and the fact that she lived alone.

When a trial court decreases or increases a sentence due to mitigating or aggravating circumstances, the factors used in making that determination must be listed in the record. *Lewis v. State* (1987), Ind., 511 N.E.2d 1054. It is for the trial judge to determine the sentencing weight to be given the aggravating or mitigating circumstances. *Hatchett v. State* (1987), Ind., 503 N.E.2d 398. The finding of mitigating factors is not mandatory and rests within the discretion of the trial court. *Wagner v. State* (1985), Ind., 474 N.E.2d 476. Statutory factors which may be considered as aggravating circumstances serve as guidelines but do not limit the matters which the judge may consider when determining what sentence should be imposed. *Guenther v. State* (1986), Ind., 501 N.E.2d 1071.

In sentencing appellant, the trial court considered as aggravating factors evidence concerning appellant's prior petty thefts; the fact that the murder was unprovoked; that the victim was sixty-one (61) years of age, which was near the age listed in Ind. Code § 35–38–1–7 as a consideration for the trial court; that the victim was gainfully employed in a nursing home and a contributor to society; that she lived alone and crimes such as the one appellant committed against her are causing similarly-situated people to live in fear; and the violent nature of the attack, *i.e.*, the multiple stabbings and beating. The trial court also stated that appellant is in need of correctional and rehabilitative treatment which would require a great length of time to be accomplished, and a reduced sentence would depreciate the seriousness of the crime. As a mitigating factor, the trial court considered appellant's troubled background, for which he was not responsible,

but found that it was outweighed by the aggravating circumstances.

Appellant's sentence is authorized by statute. We do not find that it is manifestly unreasonable in light of the nature of the offense and character of the offender. *Elliott v. State* (1988), Ind., 528 N.E.2d 87.

The trial court is affirmed.

SHEPARD, C.J., DeBRULER and PIVARNIK, JJ., concur.

DICKSON, J., concurs in result without separate opinion.