**Timothy D. ANDERSON, Appellant,**

v.

**STATE of Indiana, Appellee.**

**No. 82S00–9202–CR–120.**

Supreme Court of Indiana.

June 9, 1993.

Beverly K. Harris, Evansville, for appellant.

Linley E. Pearson, Atty. Gen., Michael Gene Worden, Deputy Atty. Gen., for appellee.

GIVAN, Justice.

A jury trial resulted in the conviction of murder and a recommendation that appellant receive the death penalty. However, the trial judge, after stating his reasons therefor, sentenced appellant to sixty (60) years imprisonment.

The facts are: Appellant was convicted of the murder of his three and a half year old son. Appellant and the child's mother were divorced in 1989. However, appellant continued to see his son and from time to time baby-sat for his former wife. On January 11, 1991, appellant picked up his ex-wife at her place of employment and drove her to a restaurant where she was to meet

a boyfriend. He had his son with him and the plans were that he was to keep the boy for that night. However, appellant drove to a park in Evansville where he threw the sleeping boy in a lake then held him under until he drowned. He then placed the body of the dead child in the trunk of his car and drove from Evansville to Anderson, Indiana where he called police and turned himself in, indicating to police that the body of the child was in the trunk of the car. Appellant had a long history of mental instability and bizarre behavior which intensified whenever he refused to take his medication.

Appellant claims the trial court erred in overruling and denying his attempt to enter a plea of guilty to Count I, Murder. This attempt was made on January 22, 1991 when the murder charge was the only pending charge. However, appellant's attorneys apparently learned of the State's intention to file a second count requesting the death penalty by reason of the victim being a child under twelve years of age. Counsel for appellant appeared in court and insisted that the court accept a plea of guilty to the murder charge at that time. The prosecuting attorney objected, stating his intention to file the death penalty charge. The trial court informed defense counsel that it would not accept the plea on that day but would set it for hearing on the following day.

■ Appellant concedes that a trial court may, in exercise of its sound discretion, reject a plea, citing *Snyder v. State* (1986), Ind., 500 N.E.2d 154; *Meadows v. State* (1981), Ind., 428 N.E.2d 1232. However, appellant argues that he was deprived of his constitutional right to due process in view of the fact the State was permitted subsequently to file the death penalty charge, whereas if the court had acted promptly on his attempt to plead guilty to the murder charge, he could have avoided a trial which subjected him to the death penalty.

Appellant also concedes that although the jury recommended the death penalty, the trial court did not follow that recommendation and in fact sentenced appellant to a term of sixty (60) years. We are somewhat puzzled at the direction appellant perceives he is going with this contention. If we would accept appellant's argument, the logical disposition of the case would be to remand it to the trial court for an acceptance of the plea of guilty to murder following which the trial court would be in the position to sentence appellant to sixty (60) years imprisonment. We fail to see how appellant could logically expect any gain from this procedure.

■ Appellant appears to concede this; however, he argues that the action of the trial court in refusing his plea under the circumstances should be condemned for the sake of future litigation involving persons in like circumstances. However, in the case at bar the prosecutor had every right to inform the court that he intended to amend the charge against appellant to ask for the death penalty. The court was in no position to prevent the State from doing so. *See Boze v. State* (1987), Ind., 514 N.E.2d 275. We see no error in the manner in which the trial court handled this situation.

Appellant claims the trial court erred in permitting the State to cross-examine Dr. Thomas Liffick regarding appellant's sexual abnormalities. Dr. Liffick was one of the doctors appointed by the court to examine appellant following his plea of insanity. In his written report to the court, he mentioned that appellant had indicated certain sexual irregularities during their interview.

When Dr. Liffick testified during appellant's trial pursuant to questioning by the court, he alluded to this conversation with appellant concerning his sex life. Appellant did not cross-examine Dr. Liffick; however, the State in its cross-examination asked the doctor more specific details concerning appellant's sexual activities. The doctor indicated he did not go into great detail with appellant because he thought it had little to do with his assignment of determining appellant's mental capacity.

■ When an appellant interposes a defense of insanity, the door is open for investigation into anything that might throw light on the insanity issue. *See Ev-*

*ans v. State* (1990), Ind., 563 N.E.2d 1251, *mod. on other grounds* (1992), 598 N.E.2d 516; *Shepherd v. State* (1989), Ind., 547 N.E.2d 839. We would observe in addition that the information furnished by Dr. Liffick was that appellant had sex with his wife two to five times a day and that he would touch her in inappropriate places in public and make inappropriate remarks in public concerning their sex life. Appellant did say that he was fearful that had his wife had a girl instead of a boy he might have molested her. However, there was nothing in Dr. Liffick's testimony which indicated appellant had ever been guilty of a sex crime.

We do not see anything improper in the court permitting the State to delve into this matter with Dr. Liffick. Even if we would concede for the sake of argument that the question should not have been asked, we cannot perceive that the answers elicited were detrimental enough to appellant to justify finding reversible error.

The trial court is affirmed.

SHEPARD, C.J., and DeBRULER and KRAHULIK, JJ., concur.

DICKSON, J., concurs in result without separate opinion.