## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Jun 10 2020, 9:57 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Sean P. Hilgendorf
South Bend, Indiana

ATTORNEY FOR APPELLEE

Benjamin J. Shoptaw
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Carl Gathright,

*Appellant-Defendant,*

v.

State of Indiana,

*Appellee-Plaintiff*

June 10, 2020

Court of Appeals Case No.
19A-CR-2024

Appeal from the St. Joseph
Superior Court

The Honorable Jane Woodward-Miller, Judge

Trial Court Cause No.
71D01-1704-MR-3

**Baker, Judge.**

[1] Carl Gathright appeals his conviction for Murder,[1] arguing that the trial court erred by admitting certain evidence because it was unduly prejudicial. Finding no error, we affirm.

## Facts

[2] Gathright and his wife, Argusta, lived at their home in South Bend with their children, Q.S., C.G., and K.G. On April 23, 2017, Gathright and K.G. were outside when Gathright suddenly became furious. K.G. ran inside and locked the door, so Gathright tried to break a window. After failing to get inside, Gathright finally entered the home through the garage and started screaming. Gathright then went into a bedroom with Argusta, locked the door, and began "beating her up." Tr. Vol. II p. 45. Q.S. found a key, unlocked the door, and entered the room to stop Gathright and Argusta from fighting. They all spilled out into the living room and continued fighting. After Gathright smashed Q.S.'s face into a doorknob, Q.S. and Argusta dashed out onto the front yard.

[3] Meanwhile, Gathright's neighbor, Brett Onnink, heard screaming coming from Gathright's home across the street and saw Argusta running out of the house. Argusta yelled at Onnink to call 911, which Onnink proceeded to do. While running out of their house to help Argusta, Leslee, Onnink's wife, advised Onnink to grab his gun. By this point, Gathright had exited his home with a knife in his hand and was charging at Argusta and Q.S. Gathright then pushed

---

[1] Ind. Code § 35-42-1-1.

Leslee out of the way and stabbed Argusta three times. Onnink finally arrived, pointed his gun at Gathright, and told him to remain still. Eventually, the police arrived and arrested Gathright. Likewise, the paramedics arrived and attempted to resuscitate Argusta, but she died on the scene due to her stab wounds.

[4] On April 25, 2017, the State charged Gathright with murder. On October 2, 2017, the State filed a notice of intent to use evidence of prior bad acts from four different incidents on August 23, September 10, October 3, and October 6, 2016, pursuant to Indiana Evidence Rule 404(b). Accordingly, on April 12, 2019,[2] the trial court held a hearing, at the conclusion of which it issued an order finding that the evidence was admissible pursuant to Indiana Evidence Rules 404(b) and 804(b)(5). *See generally* Appellant's App. Vol. III p. 2.

[5] An eight-day jury trial commenced on May 6, 2019. During the trial, Gathright admitted to killing Argusta, but raised an insanity defense. Therefore, the State had multiple witnesses testify about those prior bad acts and statements to rebut Gathright's claim of insanity.

[6] The contested evidence comes from the following individuals:

- C.S., child of Gathright and Argusta, who testified that Gathright struck and choked Argusta and him when he was fifteen years old. C.S. also described how Gathright had placed a tracking device on Argusta's car and previously pulled a knife on her.

---

[2] There is nothing in the record indicating why there was such a lengthy delay between the State filing its notice of intent on October 2, 2017, and the eventual April 12, 2019, hearing.

- Alban Camille-McLeod, Argusta's brother, who described how he helped remove that tracking device from Argusta's car sometime in 2016.
- Michelle Pickens, a St. Joseph County Prosecutor's Office employee, who testified that she had been in contact with Argusta approximately twelve times during a separate case of battery and strangulation that had been filed against Gathright.
- Family Justice Center advocate Dana Baxter, who testified that on August 25, 2016, Argusta had spoken with her about domestic troubles involving Gathright.
- South Bend Police Officer Jonathan Gray, who testified that during his investigation of the current case, he discovered Argusta's handwritten notes about Gathright on her bedroom nightstand.

Over Gathright's continued objections, the trial court admitted the State's evidence. On May 16, 2019, the jury found Gathright guilty as charged. The trial court then sentenced Gathright to sixty years in the Department of Correction. Gathright now appeals.

# Discussion and Decision

Gathright's sole argument on appeal is that the trial court erred by admitting prior bad acts evidence because it was unduly prejudicial. When there is a challenge to the trial court's admission of evidence, we will reverse only when the decision is clearly against the logic and effect of the facts and circumstances before it. *Fansler v. State*, 100 N.E.3d 250, 253 (Ind. 2018). This Court will sustain a trial court's decision regarding the admission of evidence "if it can be done on any legal ground apparent in the record." *Jester v. State*, 724 N.E.2d 235, 240 (Ind. 2000). Specifically, Gathright contends that the trial court erroneously admitted evidence of his prior bad acts, which Gathright alleges

was offered to prove only that he had a propensity to commit violent crimes and acted in conformity therewith in this instance.

[8] Indiana Evidence Rule 403 states that "[t]he court may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, or needlessly presenting cumulative evidence." Furthermore, Indiana Evidence Rule 404(b)(1) prohibits the introduction of evidence of a defendant's prior bad acts to prove that the defendant acted in conformity with those prior bad acts. Therefore, in this case, to admit the prior bad acts evidence under these rules, the trial court had to (1) determine whether the evidence of Gathright's other crimes, wrongs, or acts is relevant to a matter at issue other than his propensity to engage in similar criminal behavior; and then (2) balance the probative value of that evidence against its prejudicial effect. *Bassett v. State*, 795 N.E.2d 1050, 1053 (Ind. 2003).

[9] It is undisputed that Gathright raised an insanity defense. It is equally undisputed that "[a] plea of insanity opens the door for the admission of testimony about the defendant's entire life." *Shepherd v. State*, 547 N.E.2d 839, 841 (Ind. 1989). And, in fact, "[e]vidence which might otherwise be inadmissible becomes admissible when there is a question as to the accused's sanity." *Id.*; *see also Robinette v. State*, 741 N.E.2d 1162, 1166 (Ind. 2001).

[10] The State elicited testimony that Gathright had previously tracked down, threatened, and harmed Argusta, as well as one of his own children. The record

also shows that the State had already filed multiple criminal charges against Gathright, demonstrating that he understood the dangerous nature of his deeds, but nevertheless continued to commit them. As such, when the State proffered evidence in the form of prior bad acts, it did so to rebut Gathright's claim that he was insane and could not have developed the requisite mens rea to be culpable for his actions. While we recognize that the contested evidence has some prejudicial effect on Gathright, we similarly recognize its high probative value and necessity in this case. Given our Supreme Court's precedent on this matter, it is clear to us that the trial court was within its legal authority to admit this type of evidence. Thus, we find no error.

[11] The judgment of the trial court is affirmed.

Bradford, C.J., and Pyle, J., concur.